**UNITED STATES of America**

**v.**

Mallie Lamar "Joe" SINGLETON, James Donald Belcher, John W. Allen, George Wesley Barringer, Robert Gene Blaylock, Lloyd Ollie Dollar, Thomas Adair Hoffpauir, Leonard Clarence Kitzman, Jr., Joe Jack Rose, Homer A. Stevens.

Crim. No. 75–H–234.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 30, 1977.

Edward B. McDonough, Jr., U. S. Atty., Fred T. Bennett, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Morton L. Susman, Edward D. Michalek, Jr., Walter Jefferson, Travis Johnson, Luther W. Cook, Jr., Paul P. Regnier, Fred M. Heacock, James T. Russell, Felix Salazar, Jr., Jack P. Stovall, Houston, Tex., for defendants.

**MEMORANDUM and ORDER**

SINGLETON, District Judge.

The movants in this case seek to have expunged any and all records pertaining to

their arrests for illegal wiretapping in violation of title 18, United States Code, section 2511. All but one of the movants were currently-employed police officers of the Houston Police Department on active duty at the time of their arrests and at the time the activities complained of occurred. One of the movants was a retired police officer who at the time of his arrest was Chief Clerk of the Municipal Courts of the City of Houston. The case was tried before a jury in this court and all movants were acquitted of all charges.

The basic statutory provision authorizing the collection, preservation, and use of arrest records is 28 U.S.C. § 534. Neither the statute nor the regulations issued to implement the statute provides for the expungement of arrest data. Thus, unless the agencies themselves act to eliminate an individual's arrest record, a person in the position of these movants must turn to the courts.

■ ■ The inherent power of a court to order the expungement of arrest records is well-recognized. *Menard v. Saxbe,* 162 U.S. App.D.C. 284, 290, 498 F.2d 1017, 1023 (1974); *United States v. Dooley,* 364 F.Supp. 75, 78 (E.D.Pa.1973) (dicta); *United States v. McLeod,* 385 F.2d 734, 750 (5th Cir. 1967); *Hughes v. Rizzo,* 282 F.Supp. 881, 885 (E.D.Pa.1968); *United States v. Seasholtz,* 376 F.Supp. 1288, 1289 (N.D.Okl. 1974); *Severson v. Duff,* 322 F.Supp. 4, 10 (M.D.Fla.1970). In *United States v. Linn,* 513 F.2d 925 (10th Cir. 1975), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975), the court defined the power to expunge an arrest record as "a narrow one, [which] should not be routinely used whenever a criminal prosecution ends in acquittal, but should be reserved for the unusual or extreme case." Expungement has been granted in cases where the arrest was without probable cause, or made under unconstitutional statutes, where the arrest was for harassment purposes, based on the individual's status rather than on his acts, and where the alleged arrest was not in fact made. *Menard v. Saxbe,* 162 U.S.App.D.C. 284, 498 F.2d 1017 (1974), *United States v.*

*McLeod,* 385 F.2d 734 (5th Cir. 1967), *Hughes v. Rizzo,* 282 F.Supp. 881 (E.D.Pa. 1968), *United States v. Kalish,* 271 F.Supp. 968 (D.Puerto Rico 1967). On the other hand, in cases such as this involving acquittal, where there was no illegal arrest or unconstitutional statute, expungement has been denied. *United States v. Dooley,* 364 F.Supp. 75 (1973).

The movants would have the court expunge their arrest records on the grounds that their continued maintenance (1) is precluded by basic fairness since they were acquitted, (2) prejudices their right to travel to obtain employment as police officers, (3) results in a "social stigma" detrimental to them personally and professionally, and (4) violates their right of privacy.

The Government opposes the expungement on the basis that (1) acquittal alone does not justify the extraordinary relief of expungement, (2) the movants have not alleged any harm resulting from the retention or improper dissemination of these records, and (3) there was nothing illegal or unconstitutional regarding their arrest, indictment, or trial.

The main question in this case, as in *Dooley,* is "whether and to what extent the [movant's] right of privacy has been and is being invaded by the retention of his arrest records in a case in which he has been acquitted of the charges made against him by a jury verdict and how this invasion, if any, should be balanced, if at all, against the Government's legitimate interest in collecting and maintaining arrest records generally for the purposes of effective criminal law enforcement." *Dooley* at 77.

Each movant had and still has an exemplary reputation in both the general community and the law enforcement community. One justification for the maintenance of arrest records in national computer systems, such as the National Crime Information Center (NCIC) maintained by the Department of Justice, is to "coordinate the exchange of criminal history among state

and Federal jurisdictions"[1] and to "contend with criminal repeating and mobility."[2] While recidivism in general is of great concern to law enforcement agencies, the question of recidivism with regard to these movants is largely without any significance. Likewise, while unresolved arrest records may provide leads to law enforcement agencies seeking to resolve criminal actions, "charges resulting in acquittal clearly have no legitimate significance." *Dooley* at 77.

■ The movants' contentions that maintenance of these records will inhibit future employment opportunities and will injure their reputations are factors recognized by this and other courts.

Information denominated a record of arrest if it becomes known, may subject the individual to serious difficulties. Even if no direct economic loss is involved, the injury to an individual's reputation may be substantial [footnote omitted]. Economic losses themselves may be both direct and serious. Opportunities for schooling, employment, or professional licenses may be restricted or non-existent as a consequence of the mere fact of an arrest, even if followed by acquittal or complete exoneration of the charges involved [footnote omitted]. An arrest record may be used by the police in determining whether subsequently to arrest the individual concerned [footnote omitted] or whether to exercise their discretion to bring formal charges against an individual already arrested [footnote omitted] . . . Adverse action taken against an individual because of his arrest record is premised upon certain assumptions regarding the meaning of an arrest [footnote omitted]. Insofar as these assumptions differ from reality, the adverse actions will have an erroneous basis [footnote omitted]. *Kowall v. United States,* 53 F.R.D. 211, 214 (W.D.Mich. 1971).

*United States v. Dooley,* 364 F.Supp. 75, 77 (1973). Though the rules and regulations promulgated by the Attorney General under 28 U.S.C. § 534 provide for safeguards against unauthorized dissemination, it is no secret that such protection is not always effective. Furthermore, even "authorized" release of this information has no law enforcement value since the case was resolved by acquittal. For the person who has been arrested and exonerated, the presumption of innocence is lost. He stands at a distinct disadvantage to other, also presumably innocent, citizens who do not have "a record." Though he has been found innocent of any wrongdoing, the record will remain as a cloud over his future, put there and maintained by the same system of justice that exonerated him.

■ Even in full recognition of all these factors, we are of the opinion that the expungement of arrest records in this case is a matter to be dealt with by the Congress and not by this court. At the oral hearing the movants did not introduce sufficient factual evidence that would cause the court to conclude that there were any unusual facts to warrant a departure from the general rule as enunciated in *United States v. Linn, supra.* Therefore, the court is of the opinion that the matter of expungement of the arrest records in this case is rather typical of those in the cases cited by this court where expungement was not judicially ordered. Unfortunately, the Congress has not dealt with this matter. However, expungement of arrest records is truly a legislative matter that should be dealt with by the Congress, and this court is hopeful that it will be. Therefore, we reluctantly decline to expunge the arrest records of these movants.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that movants' petition to expunge their arrest records be, and the same hereby is, DENIED.

1. "Computerized Criminal History Program," NCIC Advisory Policy Board, October 20, 1976, at 3.

2. *Ibid.* at 6.