## UNITED STATES of America

v.

## Lee COOK, Thomas A. Robinson, Jr., Richard Cole, Jackie B. Kirk, Jan Natarno, and Charles Dillingham.

### Crim. No. H–78–180–S.

United States District Court,
S. D. Texas,
Houston Division.

Nov. 27, 1979.

J. A. "Tony" Canales, U. S. Atty., Daniel T. Kamin, Asst. U. S. Atty., Houston, Tex., for plaintiff.

Charles S. Szekely, Jr., Federal Public Defender, Murry B. Cohen, W. B. "Bennie" House, Jr., Houston, Tex., for defendants.

## ORDER

McDONALD, District Judge.

On this day, came on to be heard the government's Motion to Set Aside the Agreed Order Granting Thomas A. Robinson, Jr.'s Motion to Expunge Criminal Records. Thomas A. Robinson, Jr. was a defendant in this case until April 30, 1979, when the superceding indictment, in which he was named, was dismissed on the motion of the government. New information came to light indicating that Mr. Robinson was not, in fact, criminally culpable and he was not named in the second superceding indictment. On August 30, 1979, Mr. Robinson moved to have his criminal record expunged. The Assistant United States Attorney in charge of the prosecution agreed to the motion, as he felt it should be granted in the interests of justice. That being so, the Court signed the Agreed Order Granting Mr. Robinson's Motion to Expunge Criminal Records. *Order of August 30, 1979.* On August 31, 1979, the United States Attorney for the Southern District of Texas moved to set that order aside. Argument was heard on the motion on October 24, 1979.

The United States Attorney does not contend, nor do any of the other parties, that justice requires the Order to Expunge to be set aside. To the contrary, he concedes that, had the government known originally what it knows now, Mr. Robinson would not have been indicted. Nor do any of the parties, including the remaining defendants, claim that they may be prejudiced if the order is not set aside. At the October 24 hearing, the Court specifically raised the question of possible prejudice to the other parties and was assured that it was not a problem. The United States Attorney maintains that the Order to Expunge must be set aside because the Assistant United States Attorney agreed to it without having Congressional authority to do so and contrary to Department of Justice guidelines.

This Court does, of course, have the inherent power to order the expungement of criminal records. *See United States v. Singleton,* 442 F.Supp. 722, 723 (S.D.Tex.1977), and cases cited therein. Even so, it would be concerned if the Assistant United States Attorney had no authority to agree to such an order. Revised Memo No. 765 of the Department of Justice, however, issued on March 6, 1972, by then Assistant Attorney General Henry E. Petersen, which remains in full force and effect, says, in part:

> Motions to expunge arrest records should be vigorously opposed unless, in the discretion of the United States Attorney, the interests of justice clearly require expungement. An example of a case where expungement may be appropriate is when the arrest was based on mistaken identity. In all other cases, unless there is a compelling reason to expunge the record of arrest, motions for expungement should be firmly opposed.

It appears from Revised Memo No. 765 that United States Attorneys do have the authority to agree to orders to expunge criminal records. That being so, one would presume that Assistant United States Attorneys also have that power. The Court asked the United States Attorney for the Southern District of Texas to produce any evidence he had to the contrary. No such evidence was produced. This Court, therefore, can only conclude that the Assistant United States Attorney was not acting without Congressional authority when he agreed to the Order to Expunge.

It may or may not be that the Assistant United States Attorney was acting in violation of Justice Department Guidelines, as established by Revised Memo No. 765, when he agreed to the Order to Expunge. Although this is not a case of mistaken identity, it may or may not be a case in which "the interests of justice clearly require expungement." That, however, is not for this Court to decide. As the Fifth Circuit recently said in *United States v. McInnis*, 601 F.2d 1319, 1328 (5th Cir. 1979), "the courts are not charged with enforcing internal governmental guidelines and will not remedy an alleged violation by the dismissal of an indictment, [*United States v. Hayes*, 589 F.2d 811, 818 (5th Cir. 1979)], or the exclusion of evidence, [*United States v. Caceres*, 440 U.S. 741, 99 S.Ct. 1465, 1473, 59 L.Ed.2d 733 (1979)]." If indictments are not invalid when brought in violation of internal government guidelines and evidence is not excluded when obtained in violation of internal government guidelines, then orders are not invalid when agreed to in violation of internal government guidelines.

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that the government's Motion to Set Aside the Agreed Order Granting Thomas A. Robinson, Jr.'s Motion to Expunge Criminal Records be, and the same is, DENIED.