UNITED STATES of America

v.

**Paul VAN WAGNER.**

**Crim. No. 89–184–A (08).**

United States District Court,
E.D. Virginia,
Alexandria Division.

Oct. 10, 1990.

■■■■■■■■■■■■■■■■■■■■■■■■

Liam O'Grady, Asst. U.S. Atty., Alexandria, Va., for U.S.

Peter D. Greenspun, Klein & Greenspun, Fairfax, Va., for Paul Van Wagner.

## MEMORANDUM OPINION

ELLIS, District Judge.

### I.

When should federal courts exercise their equitable powers to order expungement of an arrest record? This is the seldom litigated but important question presented here. More specifically, the question presented is whether the record of an arrest should be expunged where the person arrested is completely innocent of any crime and suffers significant adverse consequences as a result of the arrest record. For the reasons that follow, the Court concludes that this is an appropriate case for the exercise of its equitable power to expunge an arrest record.

### II.

The pertinent facts are undisputed. A lengthy government investigation uncovered a decade-long multi-kilogram drug distribution conspiracy operating in the Washington, D.C. metropolitan area. As a result of this investigation, a grand jury returned a 78 count indictment, charging 16 persons, including Paul Van Wagner and his brother George, with various drug trafficking and money laundering offenses. Specifically, Paul Van Wagner was charged with conspiracy to possess and distribute in excess of five (5) kilograms of cocaine, in violation of 21 U.S.C. § 846, conspiracy to launder money, in violation of 18 U.S.C. § 371, and four counts of money laundering, in violation of 18 U.S.C. § 1956. Van

Wagner was arrested following the return of the indictment. Not long thereafter, the government dropped all charges against Van Wagner, having concluded he was in fact innocent.[1] It is the government's position, not contested by Van Wagner, that there was probable cause to arrest defendant in connection with the money laundering scheme and that the arrest was not unlawful on this ground. At the same time, however, the government now believes that defendant is completely innocent of all the charges. Moreover, the government concedes Van Wagner's claim that he has suffered, and will likely continue to suffer, real and permanent economic harm as a result of the arrest record.

This matter came before the Court on Van Wagner's Motion for an Order of Expungement and Sealing of all Records of Arrest, Fingerprinting, or Proceedings. At the hearing, the government seemed to support the motion. Yet no formal Department of Justice position was presented on the matter. Noting this, the Court took the matter under advisement and gave the government an opportunity to seek formal Department of Justice concurrence in the motion at bar. Thereafter, the government advised the Court in timely fashion that the Department of Justice would not concur in light of its policy that expungement should be vigorously opposed "as long as no constitutional violations occurred or the arrest was not the result of an unlawful police action. . . ." Government brief at 1.[2] Even so, the government's response "ask[s] this Court to take notice of the extreme circumstances of hardship in existence in this case . . . and . . . to use its equitable powers to grant or deny the motion for expungement."

### III.

■■■■■ "In the absence of a federal statutory claim . . . the remedy of expunge-

---

1. Charges against Van Wagner's brother and others were not dropped. Several defendants entered guilty pleas, while others, including Van Wagner's brother, were tried and convicted. *See United States v. Van Wagner,* Crim. No. 89–00184–A(02) (E.D.Va. November 3, 1989) (sentencing memorandum); *see also United States v. Fuentes,* 729 F.Supp. 487 (E.D.Va.1990) (same).

2. This emphasis on illegal police conduct is at odds with the summary of the Department of Justice position on expungement that appears in *United States v. Cook,* 480 F.Supp. 262, 263 (S.D. Tex.1979). The policy there summarized conferred discretion on the United States Attorney to be exercised where the "interests of justice clearly require. . . ." *Id.*

ment invokes a federal court's equitable jurisdiction." *Schwab v. Gallas*, 724 F.Supp. 509, 510 (N.D.Ohio 1989). It is, therefore, "within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case." *United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977); *see also United States v. McLeod*, 385 F.2d 734, 750 (5th Cir.1967); *United States v. Singleton*, 442 F.Supp. 722, 723 (S.D.Tex.1977). In general, courts have invoked this power only in cases involving "either a lack of probable cause coupled with special circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances." *Doe v. Webster*, 606 F.2d 1226, 1230 (D.C.Cir.1979) (citations omitted) (footnotes omitted). Thus, the decision to expunge turns on whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Doe v. Webster*, 606 F.2d at 1231 (footnote omitted); *see also Bromley v. Crisp*, 561 F.2d 1351, 1364 (10th Cir.1977), *cert. denied* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978); *Woodall v. Pettibone*, 465 F.2d 49, 52–53 (4th Cir.1972), *cert. denied* 413 U.S. 922, 93 S.Ct. 3054, 37 L.Ed.2d 1044 (1973); *Kowall v. United States*, 53 F.R.D. 211, 214 (W.D. Mich.1971); *Wheeler v. Goodman*, 306 F.Supp. 58, 65–66 (W.D.N.C.1969), *vacated on other grounds*, 401 U.S. 987, 91 S.Ct. 1219, 28 L.Ed.2d 524 (1971). Put another way, expungement is appropriate where "the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records." *Diamond v. United States*, 649 F.2d 496, 499 (7th Cir.1981) (footnote omitted). In the case at bar, the Court finds that this balance weighs decidedly in favor of Van Wagner: The severe adverse consequences to him substantially outweigh the public interest in maintaining the record of his arrest. Expungement is therefore appropriate.

First, there is no legitimate public interest in maintaining a record of Van Wag-

ner's arrest. He was arrested because authorities erroneously thought he was a part of a vast and intricate drug conspiracy ongoing within the Northern Virginia area. Because of the nature of the government's investigation of this matter, conspiracy members were not approached prior to the indictment. Prior to the indictment, therefore, the government had no information from the conspirators concerning Van Wagner's involvement or non-involvement in the conspiracy. After the indictment, however, a number of the conspirators cooperated with the government; they confirmed, individually and collectively, Van Wagner's innocence. This was further confirmed by the evidence adduced in the lengthy trial of those conspirators who pled not guilty. Not once in more than eight days of trial involving more than 40 witnesses was Van Wagner implicated in any way in the conspiracy. The government is satisfied he is innocent. Given this, it follows that no legitimate public purpose is served by the preservation of Van Wagner's arrest record, for it contains no information about him likely to be useful in the future. In the expungement balance, therefore, this side of the scales carries little, if any, weight.

█ The other side of the scales tells a different story. The government concedes, based on Van Wagner's submissions, that the arrest record has "caused [Van Wagner] real and permanent economic damage." Van Wagner, a young, aspiring Washington businessman, has lost his ability, it appears, to secure bank loans and city government contracts as a result of his arrest record. And this is true despite the fact that all charges against him were dismissed. These severe consequences satisfy the requirement that expungement only be invoked in "extreme" or "extraordinary" circumstances. *See United States v. Friesen*, 853 F.2d 816 (10th Cir.1988) (trial court cannot expunge absent a factual showing of unusual or extreme circumstances); *Reyes v. Supervisor of Drug Enforcement Admin.*, 647 F.Supp. 1509, 1513 (D.P.R.1986) (power to expunge is "a narrow one ... reserved for the unusual or extreme case"), *affirmed in part, vacated in part on other grounds*, 834 F.2d 1093

(1st Cir.1987); *Coles v. Levine*, 561 F.Supp. 146, 153 (D.Md.1983), *affirmed* 725 F.2d 674 (4th Cir.1984) (power to expunge "is one of 'exceedingly narrow scope' ... to be reserved for extreme cases ... and is not to be used routinely") (*quoting Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972) (citations omitted). The Court notes, however, that what is extreme in this case is not the economic hardship *per se*[3] caused by Van Wagner's arrest record. Rather, the compelling unfairness justifying expungement here is that a wholly innocent individual, mistakenly arrested and indicted, but supposedly presumed innocent of all charges, is nonetheless suffering adverse consequences no different from those he would have endured had he in fact been charged, arrested and convicted of a crime.

These facts distinguish this case from those cases where expungement was denied to defendants who were convicted and then pardoned or where the defendant is ultimately not prosecuted or convicted, but the government refuses to concede her or his innocence. *See, e.g., United States v. Noonan*, 906 F.2d 952 (3d Cir.1990) (expungement denied where defendant received presidential pardon); *United States v. Scott*, 793 F.2d 117 (5th Cir.1986) (expungement denied where defendant was validly convicted, yet received a suspended prison sentence and served only a period of supervised probation); *United States v.*

*Schnitzer*, 567 F.2d 536 (2d Cir.1977), *cert. denied*, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978) (expungement denied where government refused to concede defendant's innocence); *see also, Diamond v. United States*, 649 F.2d 496, 498 (7th Cir. 1981) (distinguishing in expungement context between "an acquittal after a full trial" and "a prosecution aborted at the Government's request"). In those cases, the defendant's innocence was not conceded, as it is here. Expungement in such cases, as the Fifth Circuit noted, would give the "defendant more relief than if he had been acquitted." *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1972). By contrast, the expungement remedy applied in the instant case gives the relief justice requires: It remedies a government mistake, one made in good faith and without constitutional error, to be sure,[4] but an error nonetheless and moreover, one with severe adverse consequences to an innocent person. These circumstances warrant expungement.[5]

■ Administrative burden is a third factor that may, in certain circumstances, deserve consideration in the balancing calculus. Here, however, the government did not urge that expungement would impose an onerous burden on the government. Nor is there any reason to believe that such a burden would attend expungement in this case, although it may in others.

---

**3.** The Court is aware that economic hardship standing alone usually is not a sufficient basis to support expungement, but merely is a factor to be considered. *See, e.g., United States v. Lopez*, 704 F.Supp. 1055, 1057 (S.D.Fla.1988); *United States v. Singleton*, 442 F.Supp. 722, 724 (S.D.Tex.1977).

**4.** The Department of Justice standard may place too much emphasis on the presence or absence of unlawful police conduct. Such emphasis ignores that appearances giving rise to probable cause may prove ultimately to have been mistaken and misleading so that an arrest or indictment based on this probable cause, though not constitutionally invalid, is still a mistake. It further ignores that such mistakes can, as here, have dire consequences to innocent persons. Emphasis on whether the arrest or indictment met constitutional or statutory standards misses the point of expungement. It is a remedy for hardship stemming from an unjust, but maybe not illegal, arrest. It is not a punishment for illegal police conduct.

**5.** Other courts have ordered expungement under analogous circumstances. *See Natwig v. Webster*, 562 F.Supp. 225 (D.R.I.1983) (expunging arrest record where (1) plaintiff had been arrested but not indicted, (2) plaintiff's arrest record had already been released to one employer and might also jeopardize plaintiff's planned emigration to Australia, (3) plaintiff had not been involved in any criminal activity in the fifteen-year interim since his arrest, and (4) *no government interest in maintaining the* records existed); *United States v. Bohr*, 406 F.Supp. 1218 (E.D.Wis.1976) (expunging arrest record where (1) government did not oppose motion to quash indictment and indictment was ordered dismissed, (2) no indication existed of plaintiff's involvement in any crime in the eleven-year period since indictment's dismissal, (3) records could have caused professional embarrassment to plaintiff in his career as attorney, and (4) no indication existed that records were needed in the interest of law enforcement); *see also Diamond v. United States*, 649 F.2d 496 (7th

In sum, (i) Van Wagner's innocence, acknowledged by the government,[6] (ii) the severe consequences to him that flow from the erroneous arrest record, also acknowledged by the government (see Footnote 6), and (iii) the absence of any onerous administrative burden if expungement is ordered all point persuasively to granting the expungement remedy in this case. And the Court accordingly does so. An appropriate order will enter.

Cir.1981) (reversing district court's dismissal of action and holding that complaint stated a claim upon which relief could be granted where (1) indictment for conspiracy against defendant was dismissed on government's *sua sponte* motion, (2) the indictment occurred seventeen years prior to plaintiff's complaint and there had been no other arrests or convictions, and (3) maintenance of the records caused an impediment to plaintiff's employment); *cf. Allen v. Webster,* 742 F.2d 153 (4th Cir.1984) (upholding district court's denial of expungement where plaintiff declined to seek administrative relief within the federal government by which he could insure himself that derogatory information was not considered in review of his job application).

6. The Assistant United States Attorneys ("AUSA") in this case are to be commended for their forthright statements in support of Van Wagner's innocence and the consequences to him of the erroneous arrest record. *Cf. United States v. Cook,* 480 F.Supp. 262 (S.D.Tex.1979) (AUSA may have acted contrary to Department of Justice guidelines in agreeing to expungement order for defendant not criminally culpable, but in doing so, he acted within his authority in the interests of justice).