**UNITED STATES of America,**

v.

**Hedwig J. BRYDE, a/k/a Hedwig Jo Bryde, Defendant.**

No. 75–CR–0156.

United States District Court, N.D. New York.

Feb. 14, 1996.

Joseph C. Maya, P.C. (Joseph C. Maya, of counsel), New York City, for Defendant.

Thomas J. Maroney, United States Attorney (George A. Yanthis, AUSA, of counsel), Albany, NY, for the Government.

## MEMORANDUM–DECISION AND ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

On April 14, 1976, **Defendant Hedwig J. Bryde, a/k/a Hedwig Jo Bryde,** pled guilty to one count of interstate transportation of a forged $195.00 money order in violation of 18 U.S.C. § 2314. She was sentenced on the same day by former Chief U.S. District Judge James T. Foley to a suspended sentence and two years probation. Defendant, now 41 years old and a Licensed Practical Nurse, moves to have her arrest and conviction records expunged out of a concern that "significant future professional opportunities for her will be severely limited or closed" if the motion is denied. (Def.'s Reply Mem. Supp. Expng. at 2.) For example, defendant believes that the New York Office of Professional Licensing "will disqualify her from obtaining a license as a Registered Nurse" because of her conviction. The government opposes the motion, arguing that no extraordinary circumstances exist warranting expunction.

### II. DISCUSSION

Congress recognized a "compelling public need" to retain criminal records when it authorized the Department of Justice to acquire and preserve such records. *United States v. Schnitzer,* 567 F.2d 536, 539 (2d Cir.1977), *cert. denied,* 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978); *see* 28 U.S.C. § 534(a) (authorizing Attorney General to collect and exchange criminal records). Because the retention of criminal records is essential for an effective criminal identification system, as well as for purposes of punishment and deterrence, "courts that have recognized the inherent judicial power to expunge criminal records ... have exercised that power only in 'extreme circumstances.'"

*United States v. Sherman,* 782 F.Supp. 866, 868 (S.D.N.Y.1991).

With this stringent standard in mind, courts rarely have granted motions to expunge arrest records and even more rarely have granted motions to expunge *conviction* records, like the motion at issue here. According to the Second Circuit, the power to expunge "is a narrow one, and ... should be reserved for the unusual or extreme case." *Schnitzer,* 567 F.2d at 539 (quoting *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.), *cert. denied,* 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Such extreme circumstances have been found where mass arrests rendered judicial determination of probable cause impossible, where the court determined the sole purpose of the arrests was to harass civil rights workers, where the police misused the records to the detriment of the defendant, and where the arrest was proper but was based on a statute later declared unconstitutional. *Schnitzer,* 567 F.2d at 540.

In *Schnitzer,* the Second Circuit refused to order a defendant's arrest record expunged even though the indictment charging the defendant with defrauding a federal agency was dismissed. The court emphasized that Schnitzer's arrest, indictment, and the law he allegedly violated were all valid, and that the dismissal of the charges did not necessarily establish his innocence. Furthermore, Schnitzer made no allegation that the government had misused, or would misuse, his criminal record. The court recognized that preservation of Schnitzer's arrest record would create "a poignant problem" for him because he could be asked "to explain the circumstances surrounding his arrest." *Id.* Yet the court refused to grant Schnitzer's motion because "[s]uch an explanation may be expected from those about to enter a profession." *Id.*

Even more so than *Schnitzer,* the *Sherman* case, which also denied expunction, is directly on point here. Defendant Sherman, a chiropractor who pled guilty to Medicaid and tax fraud, sought to have his conviction expunged "because the records will inhibit his admittance to various professional organizations." *Sherman,* 782 F.Supp. at 867. Sherman did not, however, challenge the le-

gality or validity of his conviction, let alone the legality or validity of his arrest or the indictment to which he pled guilty. In addition, Sherman did not present any evidence that the government had or would misuse his criminal record. Sherman also failed to support his contention that he would be denied the positions he desired if his record were to become known. He merely "state[d] his conclusion that this would be the case." *Id.* at 870.

Sherman's final argument was that even if no exceptional circumstances were present, the court should still use its equitable powers to grant his motion. However, none of the cases cited by Sherman supported the proposition that a court "should use its equitable powers to expunge the criminal records of a defendant who has pled guilty, been convicted, and who has not challenged the circumstances or fact of that conviction." *Id.* Instead, the cases only permitted expunction (1) where the records were inaccurate or acquired by flawed procedures, *Chastain v. Kelley*, 510 F.2d 1232, 1236 (D.C.Cir.1975); (2) where the indictment was dismissed *sua sponte* by the government, *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir.1981); or (3) where the government not only dropped the charges but concluded that the defendant was in fact innocent, *United States v. Van Wagner*, 746 F.Supp. 619, 620 (E.D.Va.1990).

Here, as in *Sherman*, defendant pled guilty to relatively minor charges many years ago and wishes to have the records expunged out of fear that they will hurt her "professional opportunities"—notwithstanding the government's significant interest in preserving such records. She also does not challenge the legality or validity of her conviction, her arrest, or the indictment to which she pled guilty, but merely appeals to the equitable discretion of the Court. Finally, defendant does not establish that the government will misuse her records in any way or that she will be denied the positions she desires if her records become known. Like defendant Sherman, she merely "states [her] conclusion that this would be the case." *Sherman*, 782 F.Supp. at 870. In sum, defendant has not convinced the Court that it

"should use its equitable powers to expunge the criminal records of a defendant who has pled guilty, been convicted, and who has not challenged the circumstances or fact of that conviction." *Id.*

The district court in *Van Wagner* noted a distinction between circumstances in which expunction is sought by a wholly innocent individual, mistakenly arrested and indicted, and a situation where relief is sought by a defendant who has been convicted and admits her guilt, as here. While expunction might be justified in the former case out of notions of fundamental fairness, the court believed that completely "erasing" the records in the latter case "would give the 'defendant more relief than if [she] had been acquitted.'" *Van Wagner*, 746 F.Supp. at 622 (quoting *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1972). In other words, even people who are acquitted of a crime must face the reality that a record of their arrest and indictment will be preserved as a matter of course.

## III. CONCLUSION

The Court recognizes that retention of her criminal record may create a poignant problem for defendant in that it has the potential to affect the path her life will take. Notwithstanding that fact, however, the Court is constrained to rule against defendant because she has not demonstrated circumstances like those that previously have been acknowledged to outweigh the government's interest in maintaining criminal records. Defendant's motion to have her criminal records expunged is hereby DENIED.

**IT IS SO ORDERED.**