UNITED STATES of America,

v.

**Annette AIGLE, Defendant.**

**No. CR–90–0666(ADS).**

United States District Court,
E.D. New York.

April 22, 2002.

Alan Vinegrad, United States Attorney, By Debra D. Newman, Assistant United States Attorney, Brooklyn, NY, for U.S.

Joseph Carbonaro, New York, NY, for the Defendant.

## ORDER

SPATT, District Judge.

On August 7, 1990, the defendant Annette Aigle ("Aigle" or the "defendant") pled guilty to a one count misdemeanor charging the theft of postal money orders in excess of $90 in violation of 18 U.S.C. § 1711. Presently before the Court is a motion by the defendant to expunge the records of her arrest, conviction and sentence in their entirety or, in the alternative, to permit disclosure of these records only to law enforcement entities.

## I. BACKGROUND

On or about June 29, 1990, the Government charged the defendant with stealing postal money orders valued at $38,374 and $1,200 in cash while she was employed as a window clerk for the United States Postal Service. On August 7, 1990, the defendant pled guilty to a one count misdemeanor charging the theft of postal money orders in excess of $90. United States Magistrate Judge David A. Jordan then sentenced the defendant to three years probation, six months home confinement, a $8,725 fine and restitution in the sum of $39,574.

On October 1, 1991, the defendant pled guilty to a violation of her probation. In particular, the defendant pled guilty to providing a false statement to a probation officer in two instances, failing to inform her probation officer of an arrest and violating the special conditions of her home confinement with numerous unauthorized leaves from her residence. Judge Jordan then sentenced the defendant to five months and twenty-eight days in jail.

After her release from jail, the defendant lived with her mother and worked full time at an undisclosed job. At some point thereafter, the defendant moved to Las Vegas, Nevada and attended the University of Las Vegas where she received a degree in social work in 1998. During the time that she attended the University of Las Vegas, she worked as a cardiac techni-

cian at the Sunrise Hospital and Medical Center in Las Vegas. While attending the University of Las Vegas, the defendant gave birth to a baby girl. She is currently a single parent maintaining sole custody and financial support of her child.

Presently, the defendant works as a social worker for the State of Nevada. Her duties involve the coordination of rehabilitation services for individuals with brain and spinal cord injuries. The defendant claims that the State of Nevada has initiated a program to determine whether their employees have criminal records and to then terminate those individuals who are convicted of crimes. The defendant states that she will be unable to maintain her current employment or obtain future employment with the State of Nevada due to her prior conviction. As a result, the defendant seeks expungement of her criminal record.

## II. DISCUSSION

"[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances'." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir.1977). "[T]he power to expunge is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." *Id.* (internal quotations and citations omitted). Examples of "extreme circumstances" are "where procedures of mass arrests rendered judicial determination of probable cause impossible, where the court determined the sole purpose of the arrests was to harass civil rights workers, where the police misused the police records to the detriment of the defendant, or where the arrest was proper but was based on a statute later declared unconstitutional." *Id.* at 540 (internal citations omitted).

This case involves neither mass arrests, harassment of civil rights workers,

misuse of police records nor an arrest based upon a statute later declared unconstitutional. Rather, this case involves a defendant who pled guilty to the theft of postal money orders shortly after her arrest. In addition, the defendant violated her probation for, among other things, providing false information to a probation officer. Accordingly, "extreme circumstances" warranting expungement do not exist in this case.

In addition, the defendant's contention that she will be unable to maintain her current employment or obtain future employment with the State of Nevada due to her prior conviction is not a proper ground for expungement. *See United States v. Ortiz*, No. 86–0836, 1999 WL 92281, *1 (S.D.N.Y. Feb.18, 1999) (stating that the defendant's inability to obtain better employment did not justify expungement of 13 year old fraud conviction); *United States v. Fields*, 955 F.Supp. 284, 285 (S.D.N.Y.1997) (stating that "the difficulties faced ... in finding and keeping a steady job do not rise to the level of 'extreme circumstances' required before a court will exercise its inherent power to expunge."); *United States v. Farkas*, 783 F.Supp. 102, 104 (E.D.N.Y.1992) (same).

Accordingly, the defendant's motion to expunge the records of her arrest, conviction and sentence in their entirely or, in the alternative, to permit disclosure of these records only to law enforcement entities, is denied.

## III. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED,** that the motion for expungement is **DENIED** in its entirety.

**SO ORDERED.**