742 F.2d 153
 Ennis C. ALLEN, Jr., an individual, Appellant,
v.
William WEBSTER, Director of the Federal Bureau of
Investigation, a Federal Agency and Haywood R.
Starling, Director of the State Bureau
of Investigation, a State
Agency, Appellees.
 No. 84-1012.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 10, 1984.
Decided Aug. 23, 1984.
 
 Louis Jordan, Goldsboro, N.C. (Jordan & Braswell, Goldsboro, N.C., on brief), for appellant.
 Daniel C. Higgins, Asst. Atty. Gen., Raleigh, N.C. (Rufus L. Edmisten, Atty. Gen. of North Carolina, Raleigh, N.C.), Samuel T. Currin, U.S. Atty., Raleigh, N.C. (Gary Clemmons, Asst. U.S. Atty., Raleigh, N.C., on brief), for appellees.
 Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 MURNAGHAN, Circuit Judge:
 
 
 1
 Ennis C. Allen, Jr. was indicted and tried in a court of the State of North Carolina on charges relating to the possession and manufacture of heroin. The arrest information, including fingerprint samples, was entered in the North Carolina computerized criminal files and forwarded to the identification division of the Federal Bureau of Investigation. The FBI fed the information into the National Crime Information Center's interstate identification index.
 
 
 2
 Thereafter, Allen was tried and acquitted. Information to that effect was entered into the North Carolina file and the FBI index.
 
 
 3
 Allen had previously been a federal employee and, following his arrest and trial, made unsuccessful attempts to secure federal employment. In one instance, matters went so far that he received an indication that his application might well have procured him the job except for the delay occasioned by the presence on his record of the information relating to his arrest and trial.
 
 
 4
 There is no assertion on Allen's behalf attacking the constitutional validity of the statutes under which Allen was tried.[1] There was no assertion that in North Carolina a statute mandated destruction of an arrest record.[2] There was no claim made of irregularity in the North Carolina proceedings.[3] There was, indeed, not even a suggestion that the information on file was in any respect inaccurate. It was solely Allen's claim that the bringing of the information about his arrest, trial and acquittal before a prospective employer would have unjust adverse consequences. However, Allen has sought to proceed solely against the record keepers at the North Carolina and the federal level in an attempt to have the truthful information expunged. He received advice that he might seek administrative relief within the federal government by which he could insure himself that the "derogatory" information was not considered in connection with reviewing his job application. Allen, however, declined to avail himself of that possible remedy. In such circumstances the district court did not abuse its equitable discretion in denying the requested relief of expungement. It is a relief confined to "exceptional circumstances." United States v. Schnitzer, 567 F.2d 536, 539 (2d Cir.1977), cert. denied, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978). The Schnitzer court continued as follows:
 
 
 5
 In considering these equities, courts must be cognizant that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case." United States v. Linn, 513 F.2d 925, 927 (10th Cir.), cert. denied, 423 U.S. 836, 96 S.Ct. 63, 46 L.Ed.2d 55 (1975). Such extreme circumstances have been found and records ordered to be expunged where procedures of mass arrests rendered judicial determination of probable cause impossible, Sullivan v. Murphy, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); where the court determined the sole purpose of the arrests was to harass civil rights workers, United States v. McLeod, 385 F.2d 734 (5th Cir.1967); where the police misused the police records to the detriment of the defendant, Wheeler v. Goodman, 306 F.Supp. 58 (W.D.N.C.1969); or where the arrest was proper but was based on a statute later declared unconstitutional, Kowall v. United States, 53 F.R.D. 211 (W.D.Mich.1971).
 
 
 6
 Id., at 539-540.
 
 
 7
 The logic of Schnitzer applies with full force to Allen's related request for an order prohibiting dissemination of the arrest record. Furthermore, the request fails not only in light of the absence of exceptional circumstances, but because it ignores the fact that dissemination by the FBI of criminal records is explicitly authorized by federal statute and regulation. 28 U.S.C. Sec. 534(a)(4);[4] 28 C.F.R. Sec. 0.85(b), (j).[5]
 
 Accordingly, the judgment is
 
 8
 AFFIRMED.
 
 
 
 [1]
 Cf. Kowall v. United States, 53 F.R.D. 211 (W.D.Mich.1971)
 
 
 [2]
 See Utz v. Cullinane, 520 F.2d 467 (D.C.Cir.1975)
 
 
 [3]
 Cf. Sullivan v. Murphy, 478 F.2d 938 (D.C.Cir.1973)
 
 
 [4]
 Sec. 534. Acquiisition, preservation, and exchange of identification records and information; appointment of officials
 (a) The Attorney General shall--
 * * *
 (4) exchange such records and information with, and for the official use of, authorized officials of the Federal Government, the States, cities, and penal and other institutions.
 
 
 [5]
 The Director of the Federal Bureau of Investigation shall:
 * * *
 (b) Conduct the acquisition, collection, exchange, classification and preservation of fingerprint cards and identification records from criminal justice and other governmental agencies, including fingerprint cards voluntarily submitted by individuals for personal identification purposes;
 * * *
 (j) Exercise the power and authority vested in the Attorney General to approve and conduct exchange of identification records with officials of federally chartered or insured banking institutions to promote or maintain the security of those institutions and, if authorized by State statute and approved by the Attorney General, to officials of State and local governments for purposes of employment and licensing....