**UNITED STATES of America, Appellee,**

v.

**John DOE, Appellant.**

**No. 88–1657.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1988.

Decided Oct. 25, 1988.

Rehearing Denied Dec. 7, 1988.

---

**1.** The Honorable Joseph S. Stevens, Jr., United States District Judge for the Eastern and Western Districts of Missouri.

John Doe, pro se.

Thomas E. Dittmeier, U.S. Atty., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

John Doe appeals pro se from a final order entered in the District Court[1] for the Eastern District of Missouri denying his "motion for expungement" of his federal drug conviction record. For reversal, Doe argues that (1) 18 U.S.C. § 5021 mandates expunction of his conviction record;[2] and (2) the district court should have exercised its equitable power to expunge the record, because Doe was told at his sentencing hearing that if he complied with all conditions imposed upon him by the district court, Attorney General, and United States Parole Commission (USPC), his record would be expunged. For the reasons discussed below, we affirm.

On October 1, 1984, Doe, who was represented by counsel, pleaded guilty to a one-count indictment charging him with possession of cocaine with intent to distribute. At that time, Doe was twenty-five years old. Pursuant to 18 U.S.C. § 4216 (repealed 1986), the district court found reasonable grounds to believe Doe would benefit from treatment under the provisions of the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026 (repealed 1984) (Act), and sentenced him to an indeterminate sentence under 18 U.S.C. § 5010(b). Following Doe's subsequent release on parole supervision, the USPC discharged him and set aside his conviction pursuant to 18 U.S.C. § 5021. Thereafter, Doe filed a pro se motion to expunge his federal conviction record, which the district court denied based on *United States v. McMains*, 540 F.2d 387 (8th Cir.1976). This timely appeal followed.

There is a split in authority as to whether the Act authorizes expunction of the record of a conviction which has been set aside pursuant to 18 U.S.C. § 5021. *Compare United States v. Doe*, 747 F.2d 1358, 1359 (11th Cir.1984) (per curiam) (no expunction); *United States v. Doe*, 732 F.2d 229, 230–32 (1st Cir.1984) (same); *and United States v. Doe*, 556 F.2d 391, 392–93 (6th Cir.1977) (same) *with United States v. Doe*, 730 F.2d 1529, 1531–34 (D.C.Cir.1984) (expunction authorized) *and Watts v. Hadden*, 651 F.2d 1354, 1373 n. 3 (10th Cir. 1981) (same).

In *McMains*, 540 F.2d at 389, this court held that based on the statutory language and underlying purposes of 18 U.S.C. § 5021, the Act does not authorize expunction of such records. Moreover, while noting that "[a]part from the * * * Act, it remains to be considered whether the district court's order may be sustained as an exercise of the court's inherent equity powers," *id.*, we stated that "[t]he power is a

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. Title 18 U.S.C. § 5021(a) provides: "Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect."

narrow one, usually exercised in cases of illegal prosecution or acquittals and is not to be routinely used." *Id.* at 390. Finding no extraordinary circumstances, we reversed the district court's order directing the expunction of McMains's felony conviction records, for "[t]o hold otherwise would accomplish by judicial fiat what Congress refrained from doing legislatively in the * * * Act." *Id.*

In the case at bar, we similarly find no extraordinary circumstances to justify the exercise of the court's inherent equity powers.

Accordingly, the judgment of the district court is affirmed.