UNITED STATES of America, Plaintiff,

v.

Alfredo LOPEZ, Defendant.

No. 87–2853.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 13, 1988.

Andrew J. Reich, U.S. Atty., Miami, Fla., for plaintiff.

Jose M. Quinon, Coral Gables, Fla., for defendant.

## MEMORANDUM OPINION

SPELLMAN, District Judge.

### FACTS

THIS CAUSE comes before the Court upon Defendant's, ALFREDO LOPEZ, Motion to Expunge an Arrest Record. The Defendant was arrested and charged with conspiracy to import, distribute and possess 800 kilograms of cocaine. The Government, exercising its prosecutorial discretion, elected not to pursue the charges against the Defendant. Accordingly, the Magistrate issued an Order of Dismissal releasing the Defendant from all charges. The Defendant then petitioned a United States Magistrate to expunge his criminal arrest record.

### DISCUSSION

*Magistrate's Authority to Expunge*

This Court must first address the authority of a United States Magistrate to expunge a criminal arrest record, for it is unclear whether the power to expunge extends to magistrates or is within the exclusive jurisdiction of a district judge. The authority of United States Magistrates is governed by 28 U.S.C.A. Section 636 (1986). This statute enumerates those matters which magistrates may dispose of, and those matters which they are precluded from deciding. Section 636(b)(3), a catchall provision, states that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the Laws of the United States."

■ The power to expunge a criminal record is not affirmatively granted to magistrates, nor denied. This Court has failed to find statutory authority or judicial prece-dent to support the magistrate's authority to expunge. Accordingly, this Court interprets the absence of an affirmative grant of authority to expunge a criminal record as a denial of such authority. This Court, therefore, assumes jurisdiction over this matter and will now address the merits of Defendant's Motion to Expunge.

*Merits of Defendant's Motion to Expunge*

■ The inherent power of a court to expunge arrest records is well recognized. However, the scope of the court's power to expunge matters of public record is exceedingly narrow. *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir.1982). Courts employ a balancing test to determine whether a defendant's motion to expunge his arrest record should be granted. The circumstances of the defendant's arrest and the reasons advanced for the request are weighed against the Government's need for continued maintenance of the records. Generally, courts will expunge information of an arrest or conviction to remedy constitutional injuries to the defendant resulting from the arrest or convictions. *Sadiqq v. Bramlett*, 559 F.Supp. 362, 366 (N.D.Ga. 1983). For example, where the procedures involved in mass arrests render judicial determination of probable cause impossible, the remedy of expungement has been granted. *Sullivan v. Murphy*, 478 F.2d 938 (D.C.Cir.1973), *cert. denied*, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973). Similarly, the Fifth Circuit has held that where the sole purpose of an arrest is to harass civil rights workers, expungement of those workers' records is an appropriate remedy. *U.S. v. McLeod*, 385 F.2d 734 (5th Cir.1976).

■ The record does not indicate that the Defendant's arrest suffers from any constitutional infirmity; nor does the Defendant assert that such infirmity exists. Given the constitutionality of an arrest, courts will expunge a record only under extraordinary circumstances, as justice requires. *Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir.1978). Mere acquittal standing alone is not deemed an extraordinary cir-

cumstance sufficient to warrant expungement of an arrest record. *See, Sadiqq v. Bramlett,* 559 F.Supp. at 366.

 The Defendant contends that the Court should expunge his arrest record as "... [it] is likely to pose a continuing and undeserved hazard to his employment and professional reputation." (Defendant's Motion to Expunge Arrest Record, p. 11). Specifically, the Defendant is concerned that his career as a private investigator and his personal reputation may be adversely affected if this arrest is not expunged. Injury to an individual's reputation, economic and employment losses by themselves are not grounds for expungement—they are but factors that weigh in favor of expungement. *U.S. v. Singleton,* 442 F.Supp. 722, 724 (S.D.Tex.1977). *United States v. Singleton* illustrates that injury to reputation and economic loss are but factors which the Court may consider or disregard in determining whether to expunge a defendant's arrest record. In *Singleton,* several police officers were arrested for illegal wiretapping and then eventually acquitted of all charges. Despite their acquittals and exemplary reputations in the law enforcement community, the court held that the expungement of such records was a matter for Congress and not the courts. *Id.; Accord, Rogers v. Slaughter,* 469 F.2d at 1085; *Cavett v. Ellis,* 578 F.2d at 567.

Addressing the question of expungement in light of an acquittal, the Fifth Circuit has held, "Public policy requires here that the retention of records of the arrest and subsequent proceedings be left to the discretion of appropriate authorities. The judicial editing of history is likely to produce a greater harm that is sought to be corrected." *Rogers v. Slaughter,* 469 F.2d at 1085; *See also, Cavett v. Ellis,* 578 F.2d at 568. An analogous, if not more substantial harm would be created if courts required record keeping agencies to expunge an individual's record each time an Assistant United States Attorney dismissed a complaint. This would place too onerous a burden on the record keeping agencies.

Therefore, it is the opinion of this Court that Defendant's Motion to Expunge should be denied. Absent constitutional infirmities in an individual's arrest, the remedy of expungement is limited to exceptional circumstances as justice requires. Such circumstances are not met by the facts of the Defendant's arrest.

 Finally, this Court finds that it is in the public's best interest to maintain a record of the Defendant's arrest rather than expunge it. The licensing board for private investigators should have access to information regarding the Defendant's allegedly illegal attempts to obtain non-public information. Having access to this information will allow the licensing board to make a fully informed decision regarding the Defendant. Accordingly, it is hereby

ORDERED AND ADJUDGED that this Motion is DENIED.

DONE AND ORDERED.