**UNITED STATES of America**

v.

**Charles Michael STROMICK.**

**Crim. No. M (S)75–0335.**

United States District Court,
D. Maryland.

April 12, 1989.

Barry D. Bardack, Washington, D.C., for defendant.

## MEMORANDUM

SMALKIN, District Judge.

This matter is before the Court on defendant's petition for expungement of the records of his criminal conviction. In 1975, defendant was convicted of violating 18 U.S.C. § 659 and was sentenced pursuant to the provisions of the Youth Corrections Act, formerly 18 U.S.C. §§ 5005–5026 (repealed 1984). On May 31, 1978, Judge Miller of this Court (since retired) signed orders discharging defendant from probation prior to the expiration of the maximum period of his probation and setting aside his conviction pursuant to 18 U.S.C. § 5021(b) (repealed 1984).

The instant petition, filed April 7, 1989, recites as its grounds the following:

> [I]t has come to the attention of Mr. Stromick that law enforcement agencies of the State of Maryland continue to rely upon the 1975 conviction, and to disseminate such information to related agencies. Defendant contends that a youthful conviction which has been set aside pursuant to 18 U.S.C. § 5021(b), as was the instant conviction, should have been expunged at that time inasmuch as a "setting aside" is tantamount to an expungement of a youthful criminal record.

■ This Court disagrees with defendant's assertion that the setting aside of his conviction pursuant to 18 U.S.C. § 5021(b) is tantamount to an expungement of the underlying criminal record. There is a split of authority on this point, with four circuits in the majority holding that the statute in question does not authorize expungement of the records upon set-aside, whereas two circuits hold that expungement is authorized. *Compare United States v. Doe*, 859 F.2d 1334, 1335–36 (8th Cir.1988) (per curiam); *United States v. Doe*, 747 F.2d 1358, 1360 (11th Cir.1984); *United States v. Doe*, 732 F.2d 229, 231–32 (1st Cir.1984); *and United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977), *with United-ed States v. Doe*, 730 F.2d 1529, 1534 (D.C. Cir.1984) *and Watts v. Hadden*, 651 F.2d 1354, 1373 n. 3 (10th Cir.1981).

This Court's reading of the statute and the cases convinces it that the majority position is correct. This Court holds, then, that there is no statutory authority for the expungement of records in the hands of either federal or state authorities upon the set-aside of a conviction under 18 U.S.C. § 5021.

■ The Court has considered whether to exercise its inherent equitable power to order expungement of defendant's record, but finds that there are insufficient grounds presented to warrant the exercise of that power in this case. Defendant's affidavit recites, in pertinent part:

> Since August 5, 1975, I have not been convicted of any crime or any motor vehicle violation carrying a possible sentence of imprisonment; and I am not now a defendant in any pending criminal action or any pending violation of Vehicle Laws of the State of Maryland.

The fact that defendant has not accumulated a further criminal record since the set-aside is commendable, but it does not warrant the exercise of the equitable power of expungement. If, for example, defendant were to show that he had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records, equitable relief might be appropriate. *Cf. Barnett v. District of Columbia Department of Employment Services*, 491

A.2d 1156, 1157–58 (D.C.App.1985) (employment as correctional officer).* In the present case, though, no such extraordinary circumstances have been demonstrated, and the Court declines to order expungement under its inherent equitable authority. *See United States v. Doe*, 859 F.2d at 1336; *United States v. Doe*, 747 F.2d at 1360.

For the reasons stated, an order will be entered separately denying defendant's petition for expungement of records.

---

* The statement in *Barnett,* 491 A.2d at 1158 n. 3, that the plaintiff's conviction was expunged on set-aside is an incorrect construction of the Youth Corrections Act, for the reasons stated above in text. At any rate, it is mere dictum, because the employment application at issue in *Barnett* made a specific inquiry about convictions set aside under the Youth Corrections Act and treated them the same, for employment purposes, as expunged convictions. *Id.* at 1157–58 n. 2.