**UNITED STATES of America**

v.

**Lucille RAYNOR.**

**Crim. No. S 91–0193.**

United States District Court,
D. Maryland.

June 5, 1991.

Revised July 1, 1991.

Richard D. Bennett, U.S. Atty., Baltimore, Md., Hollis Raphael Weisman, Sp. Asst. U.S. Atty., Hyattsville, Md., for plaintiff.

Fred Warren Bennett, Federal Public Defender, Mary French, Asst. Federal Public Defender, Baltimore, Md., for defendant.

SMALKIN, District Judge.

The captioned case is one in which a criminal defendant was convicted after a trial had been conducted before a United States Magistrate Judge for this District, with the defendant's consent, pursuant to 18 U.S.C. § 3401. As part of her sentence, the defendant was subjected to a period of supervised release, as authorized by the Sentencing Guidelines, and she is now charged with violation of the conditions of her release. Before the Magistrate Judge could hold a hearing on the alleged violation, both parties objected to his jurisdiction to do so. The Government, claiming that under the case of *United States v. Williams*, 919 F.2d 266 (5th Cir.1990), the Magistrate Judge had no jurisdiction to revoke a period of supervised release he had previously imposed, requested that the case be transferred to a District Judge, and the defendant, claiming that the Magistrate Judge had had no power to impose the supervised release in the first place, requested that the charge of violation of supervised release be dismissed. By Order of April 26, 1991, the Magistrate Judge transferred the case to this Court, agreeing with the Government's position. By order of April 30, 1991, he denied the defendant's motion to dismiss, without prejudice. Because the jurisdictional issues were adequately briefed when the case reached this Court, there is no need for further briefing or hearing.

The jurisdictional problem in this case stems from the fact that the United States Magistrate Judge and the concept of supervised release are both creatures of statute, one of considerably older vintage than the other. When 18 U.S.C. § 3401 was amended and made applicable to U.S. Magistrates by section 301 of the Federal Magistrates Act of 1968 (Pub.L. 90–578), it extended to those then-new statutory judicial officers the power to try and sentence federal misdemeanants generally. (Their predecessors, the United States Commissioners, had possessed only a limited authority to try and sentence persons charged with certain petty federal offenses.) Section 3401(d), as amended by the 1968 Federal Magistrates Act, made express reference to the probation laws and the powers of the Magistrates under them for two reasons.

Although not expressly so stated in the legislative history, the first and more obvious reason for specific reference to probation powers was to avoid any argument that, by not expressly so providing, Congress had intended to repeal impliedly the former provisions of § 3401 that gave probation powers to the United States Commissioners. An astute attorney, realizing that the express provisions relating to probation had not been carried over in the amendment, might argue that Congress omitted the reference because it wanted to withhold those powers from the newly-created Magistrates. To avoid such a result, Congress carried over express language relating to probation, thus implementing its declared intent to afford "those convicted after trial by a magistrate the benefits of Federal probation procedures." H.R.Rep. No. 1629, 90th Cong., 2nd Sess., *reprinted in* vol. 3, 1968 *U.S.Code Congressional and Administrative News* at p. 4265.

There is a second reason why Congress made specific reference to probation matters in sub-section (d) rather than simply relying upon the general language conferring sentencing authority in sub-section (a). That reason is found in the fact that Congress simply wished, out of its concern with the newness of the Magistrate system, to be sure that "various [statutory] references to the district court be clarified." *Id.* at 4264. Among those references, of course, was the entire system of federal probation.

So things rather happily stood until 1984, when the Congress essentially scrapped the entire federal sentencing scheme as it had existed for many years, as part of a "reform," which, among other things, created the statutory punishment called "supervised release." *See* Pub.L. 98–473, the so-called "Sentencing Reform Act of 1984," and 18 U.S.C. § 3583. Under the 1984 Act's Sentencing Guidelines, a term of supervised release may be imposed in any case in which the defendant is imprisoned. *See* U.S.S.G. § 5D1.1(b). The problem in the instant case is that while Congress was busily reforming the sentencing laws in 1984, it did not amend § 3401 to make express reference to the power of Magis-

trate Judges either to impose or revoke supervised release.

Against this background, the United States Court of Appeals for the Fifth Circuit, taking an unfortunately literal and pinched view of the matter, held in *Williams* that the Magistrate Judge has no power to revoke supervised release, because § 3401 makes no mention of supervised release. With all due respect, this Court is of the opinion that *Williams* was wrongly decided and that the Magistrate Judge has the power both to impose supervised release and to revoke it.

■ First, as to the imposition power, that power is clearly conferred by the Magistrate Judge's authority under § 3401(a) to "*sentence* persons convicted of, misdemeanors committed within that judicial district...." This language obviously authorizes the Magistrate Judge to impose upon the misdemeanant any sentence authorized by law for that grade of offense; any other reading would be an absurdity. Could it seriously be contended that the Magistrate Judge cannot impose a fine because § 3401 omits the word "fine"? Of course it could not, in that a fine, just like imprisonment or any other penalty imposable for that grade of offense, is part of the "sentence" which a Magistrate Judge is empowered by § 3401 to impose. Thus, the defendant's motion to dismiss will be denied.

■ Turning to the revocation power, it is true that Congress might have forgotten to amend § 3401 to keep pace with its efforts to reform federal sentencing. Nonetheless, the fact that § 3401(d) made specific reference to the probation powers of the Magistrates in view of the newness of the whole system in 1968 does not mean that the sentencing power conferred in § 3401(a) upon Magistrate Judges is not broad enough to include, by necessary implication, the power to revoke a term of supervised release and to sentence under the Guidelines upon revocation.

In other words, there is no warrant or need for applying an *expressio unius* rule to § 3401, as the Fifth Circuit did in *Williams.* There is no constitutional prin-

ciple or statutory construction maxim compelling the Fifth Circuit's implicit holding that the Magistrate Judge can impose a sentence that he or she is powerless to enforce. Such a holding does not comport with common sense, nor does it recognize the practical importance of construing § 3401, in accordance with its clear intent, as giving the Magistrate Judge, once consent of the defendant has been given, jurisdiction over the entire case. One of the inescapable aspects of the creation of supervised release is that the District Courts will soon be handling thousands of supervised release revocation hearings in felony cases annually, comparable to the volume that used to be handled administratively by the Parole Commission. To add hundreds or thousands of misdemeanor cases to that burden is both unwise and unnecessary.

Indeed, the Supreme Court's most recent construction of a Magistrate Judge jurisdictional statute has rejected the *Williams* court's approach of giving a narrow construction to statutes conferring jurisdiction on Magistrate Judges. In *McCarthy v. Bronson*, ── U.S. ──, 111 S.Ct. 1737, 114 L.Ed.2d 194 (1991), the Court interpreted 28 U.S.C. § 636(b)(1)(B) broadly, in holding that despite the words of the statute limiting jurisdiction to cases "challenging conditions of confinement," Magistrate Judges have the power to hear complaints under 42 U.S.C. § 1983 in which a prisoner seeks relief only as to one particular incident of, *e.g.*, deficient medical care, rather than challenging the overall conditions of the jail. A similar, broad interpretation of the sentencing power conferred under § 3401(a) leads to the conclusion that it would be consistent with the intent of Congress to confer the entire case-dispositive jurisdiction in misdemeanor cases upon Magistrate Judges to allow those officers to follow through on the sentences they have imposed by punishing those who fail to adhere to conditions of supervised release.

■ The Fifth Circuit's concern in *Williams*, 919 F.2d at 269, that supervised release revocation powers could put the Magistrate Judge in a position to impose a revocation sentence that, together with the original sentence, exceeds the statutory maximum period of imprisonment for misdemeanors is, though understandable, quite beside the point. It is the grade of the offense, which the Congress has only addressed in terms of the length of the maximum term of imprisonment, which is determinative of the magistrate's statutory jurisdiction. If the *Williams* court's point were valid, then the Magistrate Judge should have no misdemeanor jurisdiction at all, in that the maximum term including that imposable for violation of supervised release conditions would exceed one year in all Class A misdemeanor cases. Of course, given the consent of the defendant, there is no constitutional impediment to the Magistrate Judge's exercise of full adjudicatory powers in any misdemeanor case, despite the possibility of a total period of imprisonment (assuming a violation of supervised release) exceeding one year, and the *Williams* court did not identify any. Somewhat amazingly, the *Williams* court went on, in a discussion separate from that of the Magistrate Judge's jurisdiction, specifically to hold that the misdemeanor classification of an offense is not affected in any constitutionally or statutorily significant way by the fact that the total of the periods of imprisonment for the offense and for the violation of supervised release can exceed one year. *Williams*, 919 F.2d at 271-72.

Finally, this Court is unable to make sense of the *Williams* court's bottom line observation that it is "reluctant to expand the jurisdiction of magistrates in an area traditionally reserved to Article III judges." *Id.* at 271. There is nothing "traditional" at all about supervised release, it having been only very recently created by the Congress *ex nihilo*, and there is no indication that Congress intended to reserve supervised release powers to the Article III judges exclusively.

Thus, the Magistrate Judge's order transferring this case to this Court will be vacated and the case will be remanded to him for further proceedings.