**UNITED STATES of America, Plaintiff,**

v.

**Nancy Lisa VASQUEZ, Defendant.**

**No. 93CR0057–LAB.**

United States District Court, S.D. California.

Oct. 26, 1999.

Debra R. Torres-Reyes, Asst. U.S. Attorney, San Diego, CA, for U.S.

Tony L. Cheng, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant.

## ORDER DENYING MOTION TO EXPUNGE CRIMINAL CONVICTION

**[Doc. Nos. 38, 41, 42]**

BURNS, United States Magistrate Judge.

This matter comes before the court on defendant Nancy Lisa Vasquez's motion to expunge the record of her April 1993 conviction for simple possession of marijuana. After careful consideration of the facts and the law, the court concludes that there is no statutory scheme authorizing expungement in this case and that the defendant has failed to demonstrate the level of extraordinary hardship required for the Court to exercise its narrow equitable power to expunge criminal records. Consequently, the motion must be *DENIED.*

### I. *FACTS AND PROCEDURAL BACKGROUND*

On January 10, 1993, Ms. Vasquez accompanied her boyfriend, Daniel Drieslein, to Mexico in a borrowed car. Ms. Vasquez was 20 years old at the time, living with her parents in Los Angeles and working to put herself through college. She had no prior criminal record. While en route to Tijuana, Drieslein told Ms. Vasquez that he intended to import marijuana on their drive back.

After remaining in Mexico for several hours, Ms. Vasquez drove the car back

across the border with Drieslein riding as passenger. An inspector at the San Ysidro Port of Entry noticed that both Ms. Vasquez and Drieslein had been drinking. Their car was referred to a secondary inspection lot where United States Customs officers discovered approximately 39 pounds of marijuana in a hidden compartment. Both Ms. Vasquez and Drieslein were arrested and later indicted by a federal grand jury for smuggling marijuana.

Ms. Vasquez waived her right to be tried and sentenced by a U.S. District Judge and, pursuant to 18 U.S.C. § 3401, consented to be tried by U.S. Magistrate Judge Roger Curtis McKee. On April 2, 1993, she waived indictment and entered a guilty plea before Judge McKee to a misdemeanor charge of possessing marijuana, in violation of 21 U.S.C. § 844(a). On October 6, 1993, Judge McKee sentenced Ms. Vasquez to two years unsupervised probation, a $1,000.00 fine, and a $25.00 penalty assessment. Ms. Vasquez timely paid her fine and successfully completed her probation.

On July 23, 1999, Ms. Vasquez filed the instant Motion To Expunge Criminal Conviction.[1] In her moving papers, she relates that her employment with the Los Angeles County District Attorney's Office was recently summarily terminated when the District Attorney's Office learned of her 1993 conviction during a routine background check. She predicts that her misdemeanor drug conviction will pose a substantial barrier to her ability to obtain future employment and, accordingly, she asks this Court to invoke its "inherent equitable powers" to expunge the record of her arrest and conviction.[2] The United States filed an opposition to the motion, recognizing, in principle, the court's inherent equitable power to grant the relief sought, but contending that Ms. Vasquez has failed to demonstrate extraordinary or unusual circumstances justifying relief. The court heard oral argument on the merits of the motion on August 24, 1999, and now renders the following decision.

## II. *JURISDICTION*

■ Although it is an open question in the Ninth Circuit, a clear majority of courts in other circuits have recognized that federal courts have authority to order expungement of criminal conviction records in certain circumstances.[3] Courts recognizing the power to expunge criminal conviction records generally treat the remedy as a matter ancillary to the underlying

---

1. Since Judge McKee retired in 1997, Ms. Vasquez's motion was reassigned to this court.

2. The Court notes that "[t]he only statutory authority to expunge convictions is found at [former] 21 U.S.C. § 844(b)(1) (1988) and 18 U.S.C. § 3607 (1988), both of which apply to first-time drug offenders." *United States v. Pinto,* 1 F.3d 1069, 1070 n. 1 (10th Cir.1993). These statutes are narrow in scope and provide neither a federal policy nor general authority for expungement of criminal conviction records.

3. *See, e.g., United States v. Schnitzer,* 567 F.2d 536, 539; *Woodall v. Pettibone,* 465 F.2d 49, 52–53 (4th Cir.1972); *United States v. Doe,* 556 F.2d 391, 393 (6th Cir.1977); *Geary v. United States,* 901 F.2d 679 (8th Cir.1990); *Bromley v. Crisp,* 561 F.2d 1351, 1364 (10th Cir.1977); *United States v. Smith,* 940 F.2d 395, 396 (9th Cir.1991) (assuming, without deciding, that district courts have the power to expunge criminal records); *Livingston v.*

*United States Dep't of Justice,* 759 F.2d 74, 78 (D.C.Cir.1985). *But see, e.g., United States v. Scott,* 793 F.2d 117, 118 (5th Cir.1986) (expressing "grave doubts" that Article III powers extend to expungement, deciding on other grounds that "a district court lacks power to order the official records of an overturned conviction rewritten, [therefore] it follows as an a fortiori matter that the court is not empowered to do so in a case such as this—one in which the validity of the original conviction is unquestioned....."). *See also Rogers v. Slaughter,* 469 F.2d 1084, 1085 (5th Cir.1972): "[T]he Court's privilege to expunge matters of public record is one of exceedingly narrow scope.... Public policy requires here that the retention of records of arrest and of the subsequent proceedings be left to the discretion of the appropriate authorities. The judicial editing of history is likely to produce a greater harm than that sought to be corrected." *Id.* at 1084–1085.

criminal action, *see, e.g., United States v. Schnitzer,* 567 F.2d 536, 538 (2nd Cir. 1977); *United States v. Linn,* 513 F.2d 925, 927 (10th Cir.1975), and limit its availability to a narrow range of cases involving "extraordinary," "unusual," or "extreme" "circumstances." *See United States v. Smith,* 940 F.2d 395, 396 (9th Cir.1991) (expungement proper only in "extraordinary circumstances"); *Shipp v. Todd,* 568 F.2d 133, 134 n. 1 (9th Cir.1978) (power to order expungement limited to "unusual" or "extreme" cases). In ruling on requests for expungement, federal courts must balance the legitimate need of the government to maintain criminal record information[4] with the resulting harm to the individual who is the subject of the records. In this case, the government concedes that the Court has the authority to order expungement of Ms. Vasquez's conviction, but maintains that there are no extraordinary circumstances to warrant relief. In light of the government's concession of jurisdiction, this court will follow the majority of courts which have held that federal district courts possess limited authority to expunge conviction records.

Whether the power to expunge conviction records extends to magistrate judges is another question. Unlike Article III judges, whose judicial powers emanate from the Constitution, magistrate judges are creatures of statute, and so is their jurisdiction. *N.L.R.B. v. A–Plus Roofing, Inc.,* 39 F.3d 1410, 1415 (9th Cir.1994). Magistrate judges' criminal jurisdiction comes from two statutes, 28 U.S.C. § 636 (the Federal Magistrates Act) and 18

U.S.C. § 3401, both of which accord magistrate judges jurisdiction to conduct trials and enter sentences for misdemeanors with the consent of the parties. 28 U.S.C. § 636(a)(4); 18 U.S.C. § 3401(a), (b).[5] Neither statute, however, expressly grants nor denies magistrate judges the authority to expunge conviction records. In light of this omission, at least one court has questioned whether magistrate judges may order expungement. *See United States v. Lopez,* 704 F.Supp. 1055, 1056 (S.D.Fla. 1988) (interpreting the absence of an affirmative grant of authority to expunge a criminal record as a denial of such authority). In addition, a panel of the Ninth Circuit has observed that if expungement is "a condition unrelated to the sentence" and if it entails instructing other authorities to perform certain tasks, then magistrate judges may lack jurisdiction to order it. *United States v. Sweeney,* 914 F.2d 1260, 1263–64 (9th Cir.1990) (holding magistrate lacked authority to prohibit U.S. Attorney's Office and the Clerk's Office from reporting defendants' misdemeanor drunk driving convictions to state motor vehicle authorities).

The Ninth Circuit has recognized that a court's power to order expungement may be inferred from the court's exercise of original criminal jurisdiction in a case. *See United States v. G.,* 774 F.2d 1392, 1394 (9th Cir.1985) (citing cases). Here, as noted, Ms. Vasquez specifically consented in writing to be tried and sentenced by Magistrate Judge McKee, and it was Judge McKee who ultimately entered the judgment and criminal conviction she now

---

4. For example, law enforcement authorities generally have an interest in knowing whether a suspect in a crime under investigation has previously been arrested or convicted, especially if the previous arrest or conviction is for a similar offense. *Doe v. Webster,* 606 F.2d 1226, 1243 (D.C.Cir.1979).

5. 28 U.S.C. § 636 provides in pertinent part: "(a) Each United States magistrate serving under this chapter shall have within the territorial jurisdiction prescribed by his appointment ... (3) the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limita-

tions of that section; (4) the power to enter a sentence for a petty offense that is ... a class C misdemeanor, or an infraction; and (5) the power to enter a sentence for a class A misdemeanor, or a class B or C misdemeanor not covered by paragraph (4), in a case in which the parties have consented."

18 U.S.C. § 3401(b) similarly grants criminal jurisdiction to magistrate judges in misdemeanor criminal cases where a defendant "expressly consents to be tried before the magistrate judge and expressly and specifically waives trial, judgment, and sentencing by a district judge."

seeks to have expunged. The court finds that it is consistent with section 3401 to construe Ms. Vasquez's consent as conferring case-dispositive jurisdiction to a magistrate judge over her entire case, including her present request for relief. The conclusion is supported by the Ninth Circuit's construction of section 3401 in *United States v. Crane*, 979 F.2d 687 (9th Cir. 1992).

In *Crane*, the Ninth Circuit held that magistrate judges were empowered to revoke supervised release in misdemeanor cases in which they had imposed sentence, even though section 3401 did not explicitly authorize revocation at the time.[6] The *Crane* court reasoned that a magistrate judge's authority "logically extends to both the imposition and revocation of supervised release," and that it was consistent with the structure and purpose of the Federal Magistrates Act to impute the related, post-sentencing authority to revoke supervised release to the magistrate judge. 979 F.2d at 690. The court expressly rejected the argument that because section 3401 did not explicitly authorize magistrate judges to revoke a term of supervised release, the magistrate judge lacked jurisdiction to do so. *Id.*, citing *Peretz v. United States*, 501 U.S. 923, 933, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (Congress did not intend to strictly limit duties of magistrate judges to those enumerated in 28 U.S.C. § 636). *Crane* thus repudiates the notion that the absence of an affirmative grant of authority in section 3401 is tantamount to a denial of such authority.[7]

As with supervised release, the authority to order expungement of a misdemeanor conviction record logically extends to magistrate judges in cases where the defendant has consented to proceed before a magistrate judge. The defendant's consent eliminates any constitutional impediment to the magistrate judge exercising full adjudicatory powers in misdemeanor cases, *Peretz v. United States*, 501 U.S. at 936 and n. 12, 111 S.Ct. 2661, including the power to impose sentence and to later modify or grant relief from sentence. The authority of the magistrate judge to order expungement of a misdemeanor conviction record is thus implicit in the authority to enter the conviction in the first place. Accordingly, the court concludes that Ms. Vasquez's consent to proceed before Judge McKee conferred jurisdiction over her entire case to a magistrate judge, such that this court has the present authority to consider her application for expungement.

### III. MERITS

■ The reasons supporting Ms. Vasquez's application for expungement of her criminal record are simple, but compelling. As a young person, she exercised poor judgment and committed a criminal act. Although serious, the crime was eventually adjudicated as a misdemeanor. Ms. Vasquez had never been in trouble before, nor since, and there is no indication that she will engage in future criminal conduct. Her crime was therefore "an aberration," by "an otherwise law-abiding and socially-productive individual" who accepted responsibility for it and received her punishment. Def.'s Mot. at 3–5. Ms. Vasquez recently lost her job when her employer

---

**6.** Congress subsequently amended section 3401 to expressly provide magistrate judges with the power to modify, revoke, or terminate supervised release in cases in which the sentence was originally imposed by the magistrate judge. Federal Courts Administration Act of 1992, Pub.L. 102–572, § 301, 1992 U.S.C.C.A.N. (106 Stat.) 4506–07 (codified at 18 U.S.C. § 3401(h)).

**7.** The absence of explicit authority to order expungement in section 636 led the court in *Sweeney* to express doubt whether expunge-

ment was within the powers of a magistrate judge. *United States v. Sweeney*, 914 F.2d at 1263–64. *Sweeney* was decided before the Supreme Court's interpretation of the Federal Magistrates Act in *Peretz* and is inconsistent with the *Peretz* Court's more expansive understanding of magistrate judge authority. In addition, unlike the situation in *Sweeney* where the magistrate judge's order imposed a "condition unrelated to the sentence" on third parties, the expungement order Ms. Vasquez seeks in this case relates directly to her underlying conviction.

learned of her conviction. If the conviction record is maintained, she will undoubtedly encounter difficulty in obtaining other employment—particularly because drug convictions carry an especially odious stigma. While not disputing Ms. Vasquez's characterization of her situation, the United States takes the position that the factors she cites are not enough to warrant relief. The court reluctantly agrees.

In *Smith*, the Ninth Circuit discussed the standards to be applied in considering a motion for expungement. The district court in *Smith* had granted the defendant's motion for expungement, relying on the defendant's "otherwise clean background," the relatively minor nature of his offenses,[8] his successful completion of five years' probation, and his laudable purpose for seeking expungement—ostensibly to reenlist in United States Army. *United States v. Smith*, 940 F.2d at 395–96. Finding these factors inadequate to warrant expungement, the Ninth Circuit vacated the district court's order:

> In this case, we are presented with none of the recognized circumstances supporting expunction. There is no suggestion that Smith's arrest or conviction was in any way unlawful or invalid, or that the government engaged in any sort of misconduct. Nor are we presented with any other factor which could outweigh the government's interest in maintaining criminal records. The harms alleged by Smith and noted by the district court, including disbarment and a possible prohibition against reenlistment, are not unusual or unwarranted. Instead, they are the natural and intended collateral

consequences of having been convicted. Were we to deem them sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available rule.

*Id.* at 396.

*Smith* makes it clear that the authority to order expungement is a narrow power, appropriately used only in extreme circumstances. *Id.* Collateral employment consequences, such as those presented here, are insufficient to warrant relief. Nor, apparently, may a court grant relief based on such additional factors as lack of other criminal record or the defendant's successful completion of probation. Instead, *Smith* and other Ninth Circuit cases suggest that a defendant must establish some form of structural error that erodes the lawfulness or validity of her underlying conviction before expungement may be granted.[9]

In this case, there is no suggestion that Ms. Vasquez's conviction was improperly entered or is otherwise invalid. Just the opposite is true; she readily admits that seven years ago she exercised poor judgment, knowingly committed a crime, and consequently pled guilty. Ms. Vasquez has established that, despite her rehabilitation, she will continue to experience hardship in obtaining and maintaining employment, owing to an old misdemeanor conviction. This unfortunate consequence, however, is not sufficient under Ninth Circuit precedents to authorize the court to order expungement of her conviction.[10]

**8.** The opinion does not disclose the nature of Smith's prior crimes.

**9.** Courts have ordered expungement, for example, in cases where there has been an unlawful arrest, where an arrest was made merely to harass, or where the statute under which a person was prosecuted has subsequently been declared unconstitutional. *See United States v. G.*, 774 F.2d at 1394 (citing cases). *See also Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir. 1982) (expungement of arrest record appropriate remedy in the wake of police action in

violation of constitutional rights); *Shipp v. Todd*, 568 F.2d at 134 (federal civil rights plaintiff entitled to expungement of conviction obtained without due process).

**10.** Under 28 U.S.C. § 534, it is the United States Attorney General, and not the federal courts, who is responsible for maintaining criminal record information. Accordingly, nothing in this order forecloses Ms. Vasquez from presenting an equitable application to the Attorney General to either remove or segregate from employment reporting her record of conviction. *See United States v. Cook*, 480

## IV.  CONCLUSION

Based upon the foregoing, *IT IS HEREBY ORDERED* that defendant's Motion To Expunge Criminal Conviction is *DENIED.*

F.Supp. 262, 263 (S.D.Tex.1979) (refusing to set aside expungement agreement entered into by Assistant U.S. Attorney on behalf of the U.S. Attorney General and the U.S. Department of Justice).