**UNITED STATES,**

v.

**William L. STEELWRIGHT.**

**No. CRIM.A.99–10–PWG.**

United States District Court,
D. Maryland.

Jan. 8, 2002.

---

Larry A. Nathans, Bennett and Nathans LLP, Baltimore, MD, for William Steelwright.

GRIMM, United States Magistrate Judge.

Pending before me is a motion for expungement filed by defendant William L. Steelwright, who pled guilty before me in March 1999 to the possession of drug paraphernalia, a Class A misdemeanor, and received probation. Mr. Steelwright, seeking to expunge the "entire record in this case," [1] concedes that there is no statute that expressly authorizes me to expunge his record. Instead, he seeks to have his entire record expunged on the basis of equitable considerations, namely that this was his first arrest and conviction, that he successfully complied with the terms of his probation, and that he is an upstanding citizen in his community. Accordingly, the issues before me are whether I, as a magistrate judge, have jurisdiction to consider this motion for expungement, and, if so, whether the grounds articulated by Mr. Steelwright warrant such expungement. In reviewing the cases referred to by counsel and additional authorities, I conclude that I do have the authority to issue the requested expungement but that the grounds expressed by Mr. Steelwright for such expungement are not legally sufficient to grant such a request. I will therefore deny the motion.

---

**1.** Mr. Steelwright does not specify in his motion what he means when he requests that his "entire record" be expunged. The government has assumed that this reference includes both the arrest record, kept at the United States Army Crime Records Center in Baltimore, and his conviction record, which would be the record maintained by this Court pertaining to his trial and sentencing. I will assume, like the Government, that the motion for expungement pertains to both his arrest and conviction records. Because I conclude that Mr. Steelwright has not shown sufficient grounds warranting expungement, I need not address the government's argument that this Court lacks the authority to order executive agencies to expunge their records, including Mr. Steelwright's arrest record. (Government's August 17, 2001, letter to the Court). *See United States v. Janik,* 10 F.3d 470, 473 (7th Cir.1993) (holding that federal courts have jurisdiction to expunge judicial records but not executive branch agency records pertaining to a person's indictment and conviction).

### A Magistrate Judge's Authority.

■ As a threshold matter, I must determine whether I have jurisdiction to entertain this motion. My jurisdiction in criminal matters is set forth in two statutes, 28 U.S.C. § 636 and 18 U.S.C. § 3401. Both of these statutes confer upon magistrate judges jurisdiction to conduct trials and enter sentences for misdemeanors, so long as the defendant has consented. 28 U.S.C. § 636(a)(3)-(4); 18 U.S.C. § 3401(b).[2] In addition, 18 U.S.C. § 636(b) provides the statutory bases for district court judges to assign certain matters to magistrate judges, absent the consent of the parties, and includes a general provision that "[a] magistrate [judge] may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).[3]

The few courts addressing the matter of a magistrate judge's authority to expunge have relied on §§ 636(a)(3)-(4) and (b)(3) and have drawn what appears to be contradictory conclusions as to whether such authority exists. *Compare United States v. Lopez*, 704 F.Supp. 1055 (S.D.Fla.1988) (magistrate judge lacks authority to expunge) *with United States v. Vasquez*, 74 F.Supp.2d 964 (S.D.Cal.1999) (a magistrate judge has authority to expunge). In ex-

amining these cases a bit closer, however, a unifying theme emerges that suggests that the cases are not that divergent after all, and my determination that I do have jurisdiction over this motion to expunge squarely falls within the reasoning provided by these seemingly inconsistent opinions.

In *United States v. Lopez*, 704 F.Supp. 1055 (S.D.Fla.1988), a case deciding that a magistrate judge does not have the power to expunge, Mr. Lopez was arrested and charged with a conspiracy to import, distribute, and possess cocaine. Before his case went to trial, the government dropped the charges, and the magistrate judge entered an order of dismissal. Thereafter, Mr. Lopez filed a motion before a magistrate judge to have his arrest record expunged.

In deciding whether the magistrate judge had such authority to expunge Mr. Lopez's arrest record, the district court focused on the "catchall provision" of § 636(b)(3), which permits a district court judge to assign additional duties to a magistrate judge so long as they are not inconsistent with the Constitution or United States laws. Relying solely on this provision, the court stated that § 636(b)(3) did

---

**2.** Specifically, sections 636(a)(3)-(4) provide that a magistrate judge has "the power to conduct trials under section 3401, title 18, United States Code, in conformity with and subject to the limitations of that section" and "the power to enter a sentence for a petty offense; and the power to enter a sentence for a Class A misdemeanor in a case in which the parties have consented." 18 U.S.C. § 3401(b) provides:

> Any person charged with a misdemeanor, other than a petty offense, may elect, however, to be tried before a district judge for the district in which the offense was committed. The magistrate judge shall carefully explain to the defendant that he has a right to trial, judgment, and sentencing by a

district judge and that he may have a right to trial by jury before a district judge or magistrate judge. The magistrate judge may not proceed to try the case unless the defendant, after such explanation, expressly consents to be tried before the magistrate judge and expressly and specifically waives, trial, judgment, and sentencing by a district judge. Any such consent and waiver shall be made in writing or orally on the record.

**3.** By congressional amendment on December 1, 1990, United States magistrates appointed under 28 U.S.C. § 631 are now known as United States magistrate judges. This opinion employs the title enacted in 1990.

not embrace motions for expunction.[4] Thus, the court held that, in the absence of an explicit grant of authority to expunge, there was no such authority, and the magistrate judge lacked jurisdiction. 704 F.Supp. at 1056. The *Lopez* court is not alone in holding that a magistrate judge lacks authority to issue an expunction.

In *United States v. Wood*, 1995 WL 113352 (S.D.Fla.1995), the court issued a one-page opinion citing *United States v. Lopez*, which was issued by the same court eight years earlier, and succinctly stated, in a conclusory fashion, that a "[a] United States Magistrate Judge does not have authority to order the expungement of a criminal record." The *Wood* court did not discuss any of the provisions in 28 U.S.C. § 636 in its ruling that the magistrate judge lacked the authority to order an expunction of the defendant's criminal record.

Reaching the opposite result is *United States v. Vasquez*, 74 F.Supp.2d 964 (S.D.Cal.1999).[5] In *Vasquez*, the defendant was charged with smuggling marijuana and ultimately consented to be tried and sentenced by a magistrate judge. She ultimately entered a guilty plea before the magistrate judge to a misdemeanor charge of possessing marijuana. The judge sentenced her to two years of unsupervised probation and a fine; Ms. Vasquez suc-cessfully completed her probation and paid the fine. Thereafter, she sought to have her record of conviction expunged by the magistrate judge, who accepted her guilty plea and sentenced her.

In determining whether the magistrate judge had the authority to grant the request for expunction, the court noted that 28 U.S.C. § 636 and 18 U.S.C. § 3401 both accord magistrate judges jurisdiction to conduct trials and enter sentences for misdemeanors so long as a defendant has consented to such an exercise of jurisdiction. These statutes, however, as the court stated, do not expressly grant or deny a magistrate judge's authority to expunge conviction records, and the court, citing *United States v. Lopez*, recognized that "in light of this omission, at least one court has questioned whether magistrate judges may order expungement." *Id.* at 966. The *Vasquez* court, explicitly rejecting the opinion that sections 636 and 3401 must expressly give the authority for a magistrate judge to exercise authority, held that:

> Ms. Vasquez specifically consented in writing to be tried and sentenced by Magistrate Judge McKee, and it was Judge McKee who ultimately entered the judgment and criminal conviction she now seeks to have expunged. The

---

4. In resolving this motion, it has come to my attention that two variations on the verb "expunge" exist to convey such action as a noun. According to the Oxford English Dictionary, the word "expunction" constitutes the "action of expunging, an erasure" and can be traced back to the year 1606. Interestingly, "expungement," the preferred word in the legal lexicon, which means the same thing as expunction, is considered to be rare by the Oxford English Dictionary but is noted to be first used in 1891 in the statement: "Yesterday's act of expungement [of resolution from House of Commons Journals."]. http://dictionary.oed.com. *Black's Law Dictionary* (6th ed.1990) defines "expunge" and "expunge-ment of record" and makes no reference to expunction.

5. Although not expressly overruled, the *Vasquez* decision's analysis concerning the validity of certain grounds for expunction was questioned by the Ninth Circuit and ultimately considered as mere dicta in *United States v. Sumner*, 226 F.3d 1005 (9th Cir.2000). In *Sumner*, the Ninth Circuit ruled that a court may exercise ancillary jurisdiction in expunging a record but that the jurisdiction is limited solely to expunging the record for an unlawful arrest or conviction or to correct a clerical error. *Id.* at 1013.

Court finds that it is consistent with section 3401 to construe Ms. Vasquez's consent as conferring case-dispositive jurisdiction to a magistrate judge over her entire case, including her present request for relief.

*Id.* at 966–67.

I am unaware of, and counsel has not directed me to, any cases from this Circuit discussing whether magistrate judges have expungement authority. Accordingly, I must decide between what appears to be two competing viewpoints as expressed in the *Lopez* and *Vasquez* opinions. I find the reasoning in *Vasquez* persuasive and explain.

Unlike the *Lopez* case, where the charges against the defendant had been dropped prior to trial thus mooting the issue of whether the defendant consented to the trial and sentencing before the magistrate judge for the misdemeanor charge, the *Vasquez* case and this case before me required the defendant's consent to the exercise of a magistrate judge's authority. This fact is crucial.

Both 28 U.S.C. §§ 636 and 3401 grant criminal jurisdiction to magistrate judges in Class A misdemeanor criminal cases where a defendant expressly consents before the magistrate judge to be tried by a magistrate judge and waives trial, judg-

ment, and sentencing by a district judge.[6] It is consistent with these statutes to confer jurisdiction to a magistrate judge to consider a request for expungement in a case where a magistrate judge initially presided over the defendant's case.[7]

This conclusion is supported by this district's interpretation of § 3401 in *United States v. Raynor*, 764 F.Supp. 1067 (D.Md. 1991). In *Raynor*, a defendant consented to be tried and sentenced by a magistrate judge, who ultimately, as part of the defendant's sentence, subjected the defendant to a period of supervised release. She was subsequently charged with violating the conditions of that release and, before the magistrate judge could hold a hearing on the alleged violation, both parties objected to the magistrate judge's jurisdiction to do so.

In determining that section 3401 conveyed jurisdiction, the court reasoned, among other things, that rejecting the power of a magistrate judge to enforce or modify his own sentence defied common sense. The court explained:

There is no constitutional principle compelling the . . . implicit holding that the Magistrate Judge can impose a sentence that he or she is powerless to enforce. Such a holding does not comport with common sense, nor does it recognize the

---

6. Prior to the year 2000 and pursuant to 1996 amendment, 18 U.S.C. § 3401 authorized a magistrate judge to try persons accused of an infraction, Class C misdemeanor or Class B misdemeanors involving a motor vehicle offense, without the defendant's consent. On November 13, 2000, 18 U.S.C. § 3401 was amended to authorize magistrate judges to try all petty offense cases without first having to obtain the defendant's consent. 146 Cong. Rec. S1–844–03, S1–847–03. A petty offense, defined in 18 U.S.C. § 19, includes both Class B and Class C misdemeanors and infractions. *See* 18 U.S.C. § 3571(b)(6), (b)(7), (c)(6), (c)(7). Thus, after last year's statutory changes, consent only is required for Class A

misdemeanors. All lesser criminal cases are tried by a magistrate judge without the need for consent, which further supports the argument that I have authority to rule on this expungement motion.

7. The issue of consent has been a critical consideration in the Supreme Court's analysis as to whether a magistrate judge has the jurisdiction to handle a particular matter. *See, e.g., Peretz v. United States*, 501 U.S. 923, 930–32, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991) (supervision of voir dire proceeding is an additional duty that may be delegated to magistrates if litigants consent).

practical importance of construing § 3401, in accordance with its clear intent, as giving the Magistrate Judge, once **consent of the defendant has been given,** jurisdiction over the entire case.

764 F.Supp. at 1070 (emphasis added).[8] Thus, *Raynor* rejected the notion that the absence of an affirmative grant of authority in section 3401 is tantamount to a denial of such authority. This reasoning is persuasive.[9]

The authority to order expungement, like the ability to modify conditions of or revoke supervised release, is a natural extension of the magistrate judge's authority to sentence in the first place where the defendant has consented to such. This, in my mind, is the reason why the decisions in *Lopez* and *Vasquez* may be harmonized. In *Lopez*, the defendant did not consent to trial and sentencing because trial and sentencing did not occur; in *Vasquez*, the defendant consented to be tried and sentenced by a magistrate judge and was—

thus, it is a logical and not unlawful inference to conclude that he consented to the magistrate judge's decision of whether to ultimately expunge the sentence imposed by that very judge.

In this case, Mr. Steelwright consented to be tried and sentenced by me on February 11, 1999. After I accepted a guilty plea on March 18, 1999, I sentenced Mr. Steelwright to one year probation and imposed a $250.00 fine. There is no dispute that Mr. Steelwright consented to my actions, and, accordingly, based on my interpretation of the relevant statutes and case law, I conclude that I do have the authority to entertain the merits of Mr. Steelwright's motion to expunge.

### Grounds for Expunction.

■ Mr. Steelwright does not provide this Court with any statutory bases for expunging his records.[10] There is a recognition, however, by federal courts that courts, exercising ancillary jurisdiction,[11]

---

**8.** Congress subsequently amended section 3401 in 1992 to expressly provide magistrate judges with the authority to modify, revoke, or terminate supervised release in cases in which the sentence was originally imposed by the magistrate judge. 18 U.S.C. § 3401(h).

**9.** The analysis in *Raynor* should be compared with the Fourth Circuit's analysis in *United States v. Bryson*, 981 F.2d 720 (4th Cir.1992). In *Bryson*, the Fourth Circuit rejected the view that a magistrate judge, without the express consent of the defendant, could determine a defendant's 28 U.S.C. § 2255 habeas corpus motion to vacate, set aside, or correct a previous sentence imposed by the same magistrate. Unlike this motion for expungement, a § 2255 motion is governed by specific statutory guidelines including Rule 8(b)(1) of the Section 2255 Rules, which provided at the time that a magistrate judge, "[w]hen designated to do so ... may conduct hearings ... on the motion, and submit to a judge of the court proposed findings and recommendations for disposition." The Court ruled that this congressionally codified habeas corpus statute underscores that the only way for a

magistrate judge ultimately to decide the merits of a § 2255 motion requires a defendant's explicit consent with respect to the § 2255 motion. *Id.* at 724. Here, as explained *infra,* the act of expungement arises from the Court's equitable powers and is not bound by any statutory guidelines, and a magistrate judge's authority to consider expungement emanates from the power to sentence in the first place.

**10.** For example, 28 U.S.C. § 3607(c) provides that a first-time offender, under the age of twenty-one, may seek expungement if convicted of a drug offense.

**11.** "Ancillary jurisdiction" is the "power of a court to adjudicate and determine matters incidental to the exercise of its primary jurisdiction over a cause under review." *Black's Law Dictionary* 86 (6th ed.1990). That power extends to proceedings concerned with the pleadings, the processes, the records, or the judgment in the principal case. *Id.* Accordingly, courts have concluded that determining whether to grant a motion for expungement

may grant expungements when "extreme or exceptional circumstances" exist. *See e.g., Geary v. United States*, 901 F.2d 679, 679–80 (8th Cir.1990) ("Our Circuit has held, however, consistent with other circuits, that a federal court may exercise its inherent equitable powers by ordering the Attorney General to expunge criminal records in a particular case, provided that the case presents extraordinary circumstances warranting such an exercise of the court's equitable power."); *Schnitzer*, 567 F.2d at 539 (holding that the power to expunge "is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case"); *United States v. Linn*, 513 F.2d 925, 927 (10th Cir.1975) ("The cases... indicate that the power to expunge an arrest record is a narrow one, and should not be routinely used whenever a criminal prosecution ends in an acquittal, but should be reserved for the unusual or extreme case.").

■ In exercising ancillary jurisdiction, these courts typically have relied upon the "equitable powers" of federal courts for their authority to expunge but at the same time recognized that these powers are narrowly circumscribed, thus the language "extreme or exceptional circumstances" has emerged.[12] *See, e.g., United States v.*

*Doe*, 859 F.2d 1334, 1335 (8th Cir.1988) (finding no extraordinary circumstances justifying the exercise of the court's "inherent equity powers"); *Livingston v. United States Department of Justice*, 759 F.2d 74, 78 (D.C.Cir.1985) ("courts have the inherent equitable power to expunge arrest records"); *United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977) ("It is within the inherent equitable powers of a federal court to order the expungement of a record in an appropriate case.").

The Fourth Circuit has also concurred with this reasoning in recognizing that there may be occasions where it is appropriate for a court to order an expungement because of "extreme or exceptional circumstances." *See, e.g., Allen v. Webster*, 742 F.2d 153, 155 (4th Cir.1984) ("[T]he district court did not abuse its equitable discretion in denying the requested relief of expungement. It is relief confined to 'exceptional circumstances.'"); *Woodall v. Pettibone*, 465 F.2d 49, 52 (4th Cir.1972) ("Expunction is an equitable remedy to be granted in the balancing of the interests of the defendants and the state."); *United States v. Stromick*, 710 F.Supp. 613, 615 (D.Md. 1989) ("In the present case, though, no such extraordinary circumstances have been demonstrated, and the Court declines

---

falls under the rubric of ancillary jurisdiction. *See, e.g., Sumner*, 226 F.3d at 1013; *United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975); *United States v. Schnitzer*, 567 F.2d 536, 538 (2d Cir.1977); *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C.Cir.1969).

12. In a distinction that appears to make no difference, the Third and Ninth Circuits recently denied the existence of the federal courts' "equitable powers" to expunge but did suggest, without deciding, that the federal courts may have the power to expunge in certain "extreme circumstances." *See, e.g., Sumner*, 226 F.3d at 1013 ("We agree with our sister circuits that district courts possess ancillary jurisdiction to expunge criminal rec-

ords... We do not agree, however that a district court has the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district's court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error."); *United States v. Dunegan*, 251 F.3d 477, 480 (3d Cir.2001) ("[I]n the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal.").

to order expungement under its inherent equitable authority.").

Although a nebulous concept, "extreme or exceptional circumstances" has been characterized as occurring, for example, when the underlying arrest and conviction has been the result of official misconduct or the denial of a constitutional rights. *See United States v. Sweeney*, 914 F.2d 1260, 1264 (9th Cir.1990) ("Even were expunction within the powers of the magistrate [judge], which we doubt, no government misconduct or unconstitutionality, statutory or otherwise, has been alleged."); *Allen*, 742 F.2d at 155 (*quoting Schnitzer*, 567 F.2d at 539); *Maurer v. Los Angeles County Sheriff's Dept.*, 691 F.2d 434, 437 (9th Cir.1982) (expungement available when defendant claimed his arrest was unconstitutional); *Schnitzer*, 567 F.2d at 539; *U.S. v. McLeod*, 385 F.2d 734 (5th Cir.1967) (arrest record expunged because sole purpose behind arrest was to harass civil rights workers). Exceptional circumstances also have been demonstrated when the statute on which the arrest was based is subsequently found to be unconstitutional. *Kowall v. United States*, 53 F.R.D. 211 (W.D.Mich.1971). There is also some authority, including this district, suggesting that an "extreme circumstance" possibly may be demonstrated by showing that the defendant "had been denied a security clearance or specific job opportunities, or had otherwise been materially harmed by the presence of the criminal records." *Stromick*, 710 F.Supp. at 614–615; *see also United States v. Friesen*, 853 F.2d 816, 817 (10th Cir.1988); *Diamond v. United States*, 649 F.2d 496, 498 (7th Cir.1981) ("If the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records, then expunction is appropriate.").

As apparent from the grounds set forth in his motion, Mr. Steelwright does not demonstrate facts suggesting "extreme or exceptional circumstances" exist warranting this Court to grant his motion for expungement. He does not allege that his arrest or conviction were unlawful, that he was denied a constitutional right or even that he was denied a specific job opportunity. Although this Court is cognizant of and applauds Mr. Steelwright for the actions he has taken after his arrest and subsequent conviction, the grounds set forth in his motion do not rise to the type of "extreme circumstances" warranting such expungement of Mr. Steelwright's court record. Mr. Steelwright's law-abiding life, while commendable, does not warrant expungement. *See United States v. Stromick*, 710 F.Supp. at 614. Accordingly, exercising jurisdiction to consider this matter, I deny Mr. Steelwright's motion for expungement. A separate Order will be issued.

### ORDER

For the reasons stated in the foregoing Memorandum, it is, this ___ day of January, 2002, by the United States District Court for the District of Maryland,

ORDERED:

(1) that William L. Steelwright's Motion for Expungement is **DENIED**;

(2) that the Clerk of the Court shall mail a copy of this Order with the accompanying Memorandum to counsel of record.