UNITED STATES of America,

v.

Jamari SALLEH.

Crim. A. No. 89–026–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

Sept. 27, 1994.

Paul G. Cassell, Asst. U.S. Atty., Norfolk, VA, for U.S.

Jim Clark, Alexandria, VA, for Salleh.

ORDER

ELLIS, District Judge.

This matter comes before the Court on Defendant's motion to have the record of her criminal conviction expunged. For the reasons that follow, the motion is **DENIED**.

■ On March 10, 1989, Defendant pled guilty to one count of a two count indictment charging her with presenting fraudulent vouchers to her employer in violation of 18 U.S.C. §§ 287, 2. It appears that she had submitted to her employer, the Department of State, false and fraudulent vouchers in the amounts of $5900.00 and $1750.00 for temporary lodging expenses. On April 21, 1989, Defendant received a suspended sentence of three years imprisonment, as well as four years of supervised probation and a $50.00 special assessment. As special conditions of her probation, Defendant was required to make restitution in the amount of $5900.00, successfully complete an alcohol treatment program, and pay a $5000.00 fine. Defendant has now completed her sentence of probation and has satisfied all of its special conditions. Finding her criminal record an impediment to continued employment with the State Department, Defendant seeks to have her criminal record expunged.

■ As an initial matter, no statutory basis exists for expungement of valid criminal conviction records. Congress has provided for expungement of criminal records only in specific circumstances, such as when a person convicted of simple possession of a controlled substance was under age 21 at the time of the offense. 18 U.S.C. § 3607(c), 21 U.S.C. § 844. Defendant does not qualify for any Congressionally authorized ground for expungement, nor does she claim to.

■ Aside from the isolated statutory bases for expungement, courts also have inherent equitable power to order the expungement of criminal records. *See United States v. Doe*, 556 F.2d 391, 393 (6th Cir.1977). Nonetheless, such power is of "exceedingly narrow scope." *Coles v. Levine*, 561 F.Supp. 146, 153 (D.Md.1983) (quoting *Rogers v.*

*Slaughter,* 469 F.2d 1084, 1085 (5th Cir. 1972)), *aff'd,* 725 F.2d 674 (4th Cir.1984). *See also Geary v. United States,* 901 F.2d 679, 679 (8th Cir.1990) (courts may expunge criminal records based on their inherent equitable powers "provided that the case presents extraordinary circumstances"). Invocation of courts' inherent power to expunge criminal records is to be reserved only for extreme and compelling circumstances, such as when necessary to "remedy[ ] the denial of an individual's constitutional rights," *Coles,* 561 F.Supp. at 153 (citing *United States v. McLeod,* 385 F.2d 734, 750 (5th Cir.1967)), or when the government concedes the defendant's innocence. *United States v. Van Wagner,* 746 F.Supp. 619, 622 (E.D.Va.1990). *But cf. Geary,* 901 F.2d at 680 (stating that mere "[a]cquittal [of a defendant] generally has not been treated by the courts as an extraordinary circumstance warranting the issuance of an expungement order").

This limited and cautious use of courts' equitable expungement power stems from a recognition of the government's strong and legitimate interest in maintaining criminal records. Retention of criminal records aids in effective law enforcement, a purpose reflected in Congress' requirement that the Attorney General "acquire, collect, classify, and preserve" criminal records. 28 U.S.C. § 534(a)(1) (1994). In addition, maintaining records of valid criminal convictions helps preserve uniform sentencing under the United States Sentencing Guidelines, for sentencing ranges under the Guidelines reflect in part a defendant's past criminal history. U.S.S.G. § 4A1.1. Also relevant is that certain statutory provisions deprive convicted felons of important civil rights. *See, e.g.,* 18 U.S.C. § 922 (prohibiting convicted felons from possessing firearms). Expungement of criminal records detracts from all of these legitimate governmental interests.

Although there are circumstances where expungement may nonetheless be warranted, Defendant has alleged no constitutional violation, nor proclaimed her innocence, nor presented any other justification for expunging her criminal record sufficient to overcome the government's substantial interest in maintaining criminal records. Therefore, Defendant's motion to expunge is **DENIED.**

Should Plaintiff wish to appeal, written notice of appeal must be filed with the clerk of this court within 30 days of the date of this order.

The Clerk is directed to send copies of this Order to Defendant and all counsel of record.