Andrea L. Smith, Office of the U.S. Atty., Baltimore, MD, for U.S.

Paul R. Kramer, Baltimore, MD, for Glori Marie Gray.

**UNITED STATES of America**

**v.**

**Glori Marie GARY**

**No. CR. S 01–0150.**

United States District Court, D. Maryland.

June 17, 2002.

*MEMORANDUM OPINION*

SMALKIN, Chief Judge.

This matter is before the Court on the defendant's motion for expungement of criminal record, which will be summarily denied.

Although there is no direct authority in this Circuit on the issue, this Court agrees with the Ninth Circuit and other circuits that this Court "possess[es] ancillary jurisdiction to expunge criminal records." *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir.2000). However, as the *Sumner* court held, "a district court [does not have] the power to expunge a record of a valid arrest and conviction solely for equitable considerations. In our view, a district court's ancillary jurisdiction is limited to expunging the record of an *unlawful* arrest or conviction, or to correcting a clerical error." *Id.* (Emphasis added.)

Here, there is no contention or claim advanced that the defendant's arrest was unlawful. The only ground for concluding that the arrest was at all inappropriate is the fact that the defendant was acquitted. Obviously, an acquittal after trial does not necessarily impugn the arrest that preceded it. Furthermore, the equitable ground for expungement asserted in this case is the enhancement of the

defendant's employment situation, including "fulfill[ing] her dreams of becoming a police officer." It is plain that expungement is not appropriate under those circumstances:

> Sumner has not cited, nor has our research disclosed, any statute in which Congress has empowered a district court to reopen a criminal case after its judgment has become final for the purpose of expunging a record of a valid arrest or conviction to enhance a defendant's employment opportunities. We hold that a district court does not have ancillary jurisdiction in a criminal case to expunge an arrest or conviction record where the sole basis alleged by the defendant is that he or she seeks equitable relief. The power to expunge a record of a valid arrest and conviction on equitable grounds must be declared by Congress. The Constitution prohibits federal courts from expanding their own subject matter jurisdiction.

*Id.* at 1015. See, to the same effect, *United States v. Dunegan*, 251 F.3d 477, 479–80 (3rd Cir.2001)(defendant was acquitted). *Cf. United States v. Steelwright*, 179 F.Supp.2d 567, 573–74 (D.Md.2002).

For the stated reasons, an Order will be entered, separately, denying the defendant's motion for expungement of criminal record.